**UNITED STATES of America, Appellee,**

v.

**Arnold NAYLOR, Appellant.**

**No. 82–5217.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 11, 1983.

Decided April 26, 1983.

Rehearing Denied June 22, 1983.

Kathleen M. Gallogly, Asst. Federal Public Defender, Baltimore, Md. (Fred Warren Bennett, Federal Public Defender, Baltimore, Md., on brief), for appellant.

William Quarles, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Michael Schatzow, Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge.

The sole issue is whether the trial court erred in denying appellant's motion in limine and ruling that appellant's two prior misdemeanor convictions could be used at trial. One prior conviction involved a prior similar act (Rule 404(b)) and was clearly admissible. The other conviction was for a false statement (Rule 609(a)(2)), and its admissibility is questionable, but any error of the district court was harmless beyond a reasonable doubt, so we affirm.

## I

Naylor demonstrated bad judgment in stealing a motor vehicle belonging to a special agent of the FBI. He was stopped on February 5, 1982 as a result of a traffic violation, but investigation led to a four count indictment returned by the grand jury on March 2, 1982 charging Naylor with Interstate Transportation of a Stolen Motor Vehicle, in violation of 18 U.S.C. § 2312; Driving Without a License, in violation of 18 U.S.C. §§ 7 and 13, and Maryland Transportation Article Section, 16–101(a); Failure to Obey a Lawful Order of an Officer, in violation of 36 C.F.R. 50.29(b); and Failure to Obey a Posted Sign, in violation of 36 C.F.R. 50.34.

Appellant was convicted on all counts by a jury on May 20, 1982. At the trial defense counsel admitted in opening statement that the defendant was guilty of driving without a license and failure to obey a posted sign.

Following conviction appellant made a motion for a new trial based upon the court's rulings with regard to his previous convictions. This motion was heard on the same day appellant was sentenced. At the time the court had received the pre-sentence report on appellant. This report disclosed additional prior convictions of which the court and the prosecutor were not previously aware. There was one felony conviction for interstate transportation of a stolen motor vehicle and two felony convictions of unauthorized use of a vehicle. The motion for a new trial was denied and this appeal was taken.

## II

Neither conviction was referred to or introduced at trial because Naylor did not take the stand. He asserts that the court's ruling against him on the in limine motion persuaded him not to testify. Appellant argues that the attempted theft of a motor vehicle conviction was not admissible under Evidence Rule 609(a)(1) or (2)[1] because it did not involve dishonesty or a false statement. An examination of the transcript of the in limine hearing reveals that the trial judge used Rule 404(b)[2] and not Rule 609(a) as the basis for his ruling. The court ruled that it was admissible as a prior similar act.

Clearly evidence of a 1980 conviction of attempted theft of a motor vehicle would be admissible on the issue of knowledge and

---

1. Rule 609. Impeachment by Evidence of Conviction of Crime.

   (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of punishment.

2. Rule 404(b). Character Evidence Not Admissible to Prove Conduct; Exception Other Crimes.

   (b) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

absence of mistake in a 1982 charge of interstate transportation of a stolen motor vehicle, since an essential element of this crime is defendant's knowledge that the vehicle is in fact stolen. Such a similar act is admissible under Rule 404(b), and there is "temporal proximity" and sufficient similarity to attest the probative value necessary to the weighing process of probative value vs. unfair prejudice required by Rule 403.[3] *See, United States v. Beahm,* 664 F.2d 414, 417 (4th Cir.1981).

The question of whether probative value of testimony is substantially outweighed by the danger of unfair prejudice, is committed to the sound discretion of the trial judge. *United States v. Masters,* 622 F.2d 83, 87 (4th Cir.1980). Here there was no abuse of this discretion.

## III

In 1980 Naylor was convicted of willful failure to appear, after promising to appear, in the Superior Court of the District of Columbia in violation of D.C.Code Ann. § 23–1327(a)(2). Having promised to appear and then willfully (not inadvertently) failing to appear would involve a false statement by Naylor if at the time he made the promise, it was his intention not to honor his promise to appear. However, there is no evidence as to Naylor's intention at the time he made the promise and was released on bail. Any error of the district court in failing to grant the motion in limine as to the second misdemeanor is harmless beyond a reasonable doubt. Naylor argued that he did not take the witness stand because the district court had ruled two misdemeanor convictions could be used against him. If he avoided testifying because of these two misdemeanors, certainly upon a retrial of the case he would not take the witness stand when faced with a prior felony conviction for interstate transportation of a stolen motor vehicle and two felo-

ny convictions of unauthorized use of a vehicle.

The judgment of the district court is AFFIRMED.

---

**3.** Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste of Time.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.