STATE OF NORTH CAROLINA v. RONNIE HAYZE WILKERSON

No. COA00-1090

(Filed 5 February 2002)

**1. Evidence— prior crimes or bad acts—drug activity and convictions**

The trial court did not abuse its discretion in a possession with intent to sell or deliver cocaine and trafficking in cocaine case by admitting testimony regarding defendant's prior drug activity and prior drug convictions even though defendant did not testify at trial, because: (1) the evidence was not unfairly prejudicial under N.C.G.S. § 8C-1, Rule 403 and the trial court gave a proper limiting instruction; (2) the other crimes were sufficiently similar since all occurred at the same location, defendant was present, all involved cocaine, and the prior convictions occurred within a year of the present offenses; and (3) the testimony of the underlying facts and circumstances leading to defendant's prior convictions was relevant and admissible under N.C.G.S. § 8C-1, Rule 404(b) to show intent to sell and knowing possession of cocaine.

**2. Criminal Law— instructions—no expression of opinion— totality of circumstances**

The trial court did not commit plain error in a possession with intent to sell or deliver cocaine and trafficking in cocaine case by allegedly commenting upon the evidence during the trial court's instructions to the jury with respect to defendant's 15 June 1994 statement at the time of his arrest, because: (1) the trial court properly instructed the jury that it must consider all of the evidence presented and that defendant's statement was admissible only for the limited purpose for which it was allowed into evidence; and (2) the totality of circumstances revealed that the trial court's instructions did not constitute an impermissible expression of opinion on the evidence.

Judge WYNN dissenting.

Appeal by defendant from judgment entered 16 November 1995 by Judge Howard R. Greeson, Jr. in Rockingham County Superior Court. Heard in the Court of Appeals 22 August 2001.

STATE v. WILKERSON

[148 N.C. App. 310 (2002)]

*Attorney General Roy Cooper, by Assistant Attorney General Jeffrey M. Seigle, for the State.*

*Lisa Miles, for defendant-appellant.*

TYSON, Judge.

## I. Facts

The State's evidence at trial tended to establish that on 25 January 1995, Eunice Tolar ("Tolar") purchased cocaine from Ronnie Hayze Wilkerson ("defendant"), for the Eden Police Department, at 133 Roosevelt Street, Eden, North Carolina.

On 26 January 1995, a search warrant was executed at 133 Roosevelt Street. During the search, a test tube containing cocaine was found in defendant's pocket. Cocaine was also found in the commode and a crack pipe was found in a bedroom.

Officer Pyrtle testified that he found cocaine inside a test tube in the kitchen trash can and that defendant was found in the kitchen when he arrived to conduct the 1994 search. After *voir dire* and withdrawal of defendant's objection, Officer Pyrtle read the following statement made by defendant on 15 June 1994 to the jury:

I purchased eighty dollars worth of powder cocaine . . . then I decided to cook the powder up into crack. When I was cooking the powder into crack that is when the officers came up with the search warrant. I don't sell drugs. I buy powder cocaine because you get more cocaine for your money.

Special Agent Windy Long ("Agent Long"), with the North Carolina Bureau of Investigation, testified that on 11 October 1994 and 12 October 1994, she made undercover purchases of crack cocaine from defendant at 133 Roosevelt Street.

After both Pyrtle and Long testified, Shelby Newcomb, the Deputy Clerk of Court, testified that defendant had prior convictions for: (1) possession of cocaine on 15 June 1994, (2) possession with intent to sell or deliver cocaine on 11 October 1994, and (3) sale and delivery of cocaine on 11 October 1994.

Defendant did not testify or offer any evidence at trial. The jury found defendant guilty of possession with intent to sell or deliver cocaine and trafficking in cocaine. Defendant was sentenced to a minimum of thirty-five months and a maximum of forty-two months

for trafficking in cocaine and a minimum of ten months and maximum of twelve months for possession with intent to sell or deliver to be served at the expiration of the previous sentence. Defendant's retained counsel failed to perfect his appeal. This Court granted certiorari upon petition of his present counsel. We hold there was no error.

## II. Issues

The issues presented are: (1) whether the trial court erred in admitting testimony regarding defendant's prior drug activity and prior drug convictions and (2) whether the trial court committed plain error in its comment upon the evidence.

## III. Admission of Prior Drug Activity and Prior Convictions

**[1]** Defendant contends that he was unfairly prejudiced by the admission of the underlying facts and circumstances of his prior drug activities and subsequent convictions. We disagree.

Defendant's reliance on Rule 609 of the Rules of Evidence is misplaced. Rule 609 governs the use of evidence of criminal convictions for purposes of impeachment. "When a defendant appears as a witness at trial, evidence of the defendant's past convictions may be admissible for the purpose of attacking the defendant's credibility as a witness. Such evidence, however, is not admissible as substantive evidence to show the defendant committed the crime charged." *State v. McEachin*, 142 N.C. App. 60, 69, 541 S.E.2d 792, 799 (2001) (citations omitted); *see also State v. Holston*, 134 N.C. App. 599, 606, 518 S.E.2d 216, 221 (1999) ("Rule 609 allows a defendant's prior convictions to be offered into evidence *when he takes the stand and thereby places his credibility at issue.*") (emphasis added).

Defendant did not testify or offer any evidence at trial and the evidence of his prior convictions was not being offered for purposes of impeachment under Rule 609. Instead, the State offered the evidence for admission under N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

This rule is "a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in original). Therefore, evidence of bad conduct and prior crimes is admissible under Rule 404(b) "as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 853 (1995). A prior bad act or crime is sufficiently similar to warrant admissibility under Rule 404(b) if there are "some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes." *State v. Sokolowski*, 351 N.C. 137, 150, 522 S.E.2d 65, 73 (1999) (citations omitted). The similarities between the two situations need not "rise to the level of the unique and bizarre" but "must tend to support a reasonable inference that the same person committed both the earlier and later acts." *Id.*

Even where such evidence is relevant, the ultimate test of its admissibility is whether its probative value is substantially outweighed by the danger of unfair prejudice. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (1999); *State v. Lyons*, 340 N.C. 646, 459 S.E.2d 770 (1995); *State v. Everhardt*, 96 N.C. App. 1, 384 S.E.2d 562 (1989). "Evidence which is probative of the State's case necessarily will have a prejudicial effect upon the defendant; the question is one of degree." *Coffey*, 326 N.C. at 281, 389 S.E.2d at 56. Whether to admit or exclude evidence under Rule 403 is a matter within the sound discretion of the trial court, and the trial court's decision to admit such evidence will only be disturbed upon a showing of abuse of discretion. *State v. Handy*, 331 N.C. 515, 532, 419 S.E.2d 545, 554 (1992).

In the present case, defendant was charged with possession with intent to sell or deliver cocaine and trafficking in cocaine. Intent and knowledge are elements of these offenses which must be proven by the State. *See* N.C. Gen. Stat. §§ 90-95(a)(1) and (h)(3) (1999). "Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused." *State v. McClain*, 240 N.C. 171, 175, 81 S.E.2d 364, 366 (1954).

Officer Pyrtle testified to the underlying facts and circumstances which led to defendant's conviction for possession of cocaine on 15 June 1994. The trial court gave a proper limiting instruction to the jury that defendant's statement from 15 June 1994 is to be considered only as evidence of intent and knowledge.

After the trial court denied defendant's request to suppress, Agent Long testified to the underlying facts and circumstances which led to defendant's convictions for possession with intent to sell or deliver cocaine and for sale and delivery of cocaine on 11 October 1994. The trial court held that the testimony was admissible under Rule 404(b) to show intent and knowledge and was not unfairly prejudicial under Rule 403. The trial court again instructed the jury to consider this evidence for intent or knowledge and not to prove the offense for which defendant was being tried.

We conclude that the other crimes were sufficiently similar: (1) all occurred at 133 Roosevelt Street, (2) defendant was present, (3) all involved cocaine, and (4) the prior convictions occurred within a year of the present offenses. We also conclude that the testimony of the underlying facts and circumstances leading to defendant's prior convictions was relevant to show intent to sell and knowing possession of cocaine.

Our courts have held that it is not error to admit the underlying facts and circumstances that formed the basis of defendant's prior convictions. *See State v. Barnett*, 141 N.C. App. 378, 540 S.E.2d 423 (2000), *disc. review denied*, 353 N.C. 527, 549 S.E.2d 552 (2001); *State v. Cinema Blue of Charlotte, Inc.*, 98 N.C. App. 628, 392 S.E.2d 136 (1990); *State v. Winslow*, 97 N.C. App. 551, 389 S.E.2d 436 (1990); *State v. Rosario*, 93 N.C. App. 627, 379 S.E.2d 434 (1989).

Our courts have also held that it is not error to admit the fact of defendant's prior convictions. *See State v. Rich*, 351 N.C. 386, 527 S.E.2d 299 (2000); *State v. McAllister*, 138 N.C. App. 252, 530 S.E.2d 859 (2000); *State v. Fuller*, 138 N.C. App. 481, 531 S.E.2d 861, *disc. review denied*, 353 N.C. 271, 546 S.E.2d 120 (2000); *State v. Miller*, 142 N.C. App. 435, 543 S.E.2d 201 (2001); *State v. Grice*, 131 N.C. App. 48, 505 S.E.2d 166 (1998); *State v. Hall*, 85 N.C. App. 447, 355 S.E.2d 250 (1987).

Our courts have also held that it is proper to admit both: (1) testimony of the underlying facts and circumstances and (2) that defendant had been convicted for the bad act under Rule 404(b). *See State v.*

*Hipps*, 348 N.C. 377, 501 S.E.2d 625 (1998); *State v. Barkley*, 144 N.C. App. 514, 551 S.E.2d 131 (2001).

In *Hipps*, defendant was indicted for first-degree murder. Defendant did not testify or offer any evidence during the guilt-innocence phase of trial. *Hipps*, 348 N.C. at 387, 501 S.E.2d at 632. The State presented evidence that defendant had been convicted of murder in 1978 and details about the similarities between the 1978 and 1995 murders. *Id.* Our Supreme Court found that: (1) the evidence tended to show that defendant had both knowledge and intent when he committed the crime, (2) the seventeen year time lapse was not too remote for its admissibility, (3) there was no abuse of discretion by the trial court in concluding that the probative value outweighed any prejudicial effect, as the trial court was "careful to give a proper limiting instruction to the jury", and (4) the evidence was properly admitted under Rule 404(b). *Id.* at 405-06, 501 S.E.2d at 642.

This Court, in *Barkley*, affirmed the admission of court records showing that defendant had been convicted of rape in 1990 and testimony by the victim who accused defendant of raping her. *Barkley*, 144 N.C. App. at 521-22, 551 S.E.2d at 136. Defendant did not offer evidence at trial. *Id.* at 517, 551 S.E.2d at 134. This Court stated that "[e]vidence of prior crimes is admissible." *Id.* at 522, 551 S.E.2d at 136. We concluded that: (1) the similarities between the rapes supported a reasonable inference that the crimes were committed by the same person, (2) the six year time lapse was not too remote to affect admissibility, and (3) the trial court did not err in admitting both the victim's testimony and the record of conviction pursuant to Rule 404(b) and Rule 403. *Id.* at 522, 551 S.E.2d at 136-37 (citing *State v. Murillo*, 349 N.C. 573, 595, 509 S.E.2d 752, 765 (1998) (quoting *State v. Stager*, 329 N.C. 278, 303, 406 S.E.2d 876, 890 (1991)).

Federal Rule of Evidence 404(b) is substantially similar to our Rule 404(b). Many federal courts have held that evidence of a prior conviction is admissible for a proper purpose even though defendant did not testify. *See United States v. King*, 768 F.2d 586, 588 (4th Cir. 1985) (defendant's prior convictions for dispensing cocaine were admissible on issues of intent and absence of mistake under Rule 404(b)); *United States v. Naylor*, 705 F.2d 110, 111-12 (4th Cir. 1983) (defendant's prior conviction for attempted theft of a motor vehicle was admissible under Rule 404(b) on the issue of knowledge since it

was an essential element of the crime charged); *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1401-02 (9th Cir. 1991) (defendant's subsequent arrest after the charged offense for transporting marijuana was admissible under Rule 404(b) to show knowledge); *United States v. Mehrmanesh*, 689 F.2d 822, 830-33 (9th Cir. 1982) (defendant's prior conviction for possession of cocaine was admissible to show intent and knowledge under Rule 404(b)).

The dissent focuses on the issue of introduction of "the bare fact of defendant's prior conviction" absent the underlying facts and circumstances, which is not before us. The question presented in this appeal is whether evidence of the underlying facts and circumstances of defendant's prior drug activities and subsequent convictions is admissible.

The dissent would abolish the Rule 403 balancing test as it finds that the admission of defendant's subsequent convictions for his prior drug activity is "inherently prejudicial." Our Supreme Court directly addressed this issue in *Hipps*, stating that defendant had not demonstrated an abuse of discretion as the trial court gave a proper limiting instruction to the jury. *Hipps*, 348 N.C. at 405-06, 501 S.E.2d at 642.

The dissent states it is "implied" that: (1) since evidence of defendant's prior convictions is admissible only under Rule 609 then evidence of the underlying facts and circumstances of defendant's prior convictions is admissible only under Rule 404(b) and (2) Rule 403 "envisions a comparison of facts and circumstances, rather than charges and convictions."

Justice O'Connor, dissenting in *Old Chief v. United States*, 519 U.S. 172, 196, 136 L. Ed. 2d 574, 597 (1997), stated that Federal Rule 404(b) "contemplates the admission of evidence of prior crimes" for purposes other than to show the character of a person in order to show conformity therewith. Both our courts and the federal courts have recognized the admissibility of prior convictions when: (1) relevant to an issue other than character, (2) the probative value substantially outweighs the prejudicial impact, and (3) the trial court gives a limiting instruction to offset any potential for prejudice.

Finally, the dissent argues that the existence of other evidence of defendant's intent and knowledge reduces the probative value of defendant's prior convictions. The other evidence being testimony of defendant's prior drug activity did not conclusively establish in-

tent and knowledge. The defense offered at trial was that defendant used drugs and was around drugs but did not sell drugs. Defendant asserted this theory in his 1994 statement, which was read to the jury, and on cross-examination of Agent Long that defendant was not the individual who delivered the drugs but was merely present at 133 Roosevelt Street during the sale. Evidence of defendant's prior drug convictions was highly probative to establish intent and knowledge.

We hold that the trial court did not abuse its discretion in admitting the testimony of defendant's prior drug activity nor in admitting the fact that defendant was convicted for said drug activity. This assignment of error is overruled.

### IV. Judicial Comment Upon the Evidence

[2] Defendant's final contention is that the trial court's instructions to the jury, with respect to defendant's 15 June 1994 statement, constituted improper judicial comment on the evidence and warrants a new trial. We disagree.

During deliberations, the jury asked to see the statement defendant made at the time of his arrest on 15 June 1994. Before sending the statement into the jury room with the jurors, the trial court instructed the jury as follows:

> I want to caution you of two things ladies and gentlemen of the jury. First matter is that I am going to let you take this to the jury room as it was requested but you are not to alter it in any way and you are not to give it any undue weight. You have asked for it and obviously you feel that it is necessary but please don't put any undue importance on it. You are to consider all of the evidence in this case. All of the evidence is important. Second, my recollection of that statement is that it pertained to a June, 1994, incident. I must remind you, and I will remind you, once again, you may consider that statement in as much as it was received, for the limited purpose which I allowed it to begin with.

"The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (1999). A totality of the circumstances test is used to determine whether a judge's comments constitute impermissible opinion. *State v. Larrimore,* 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995). Since defendant claims that he was deprived of a fair trial by the judge's statements, he "has the bur-

den of showing prejudice in order to receive a new trial." *State v. Gell*, 351 N.C. 192, 207, 524 S.E.2d 332, 342, *cert. denied*, 531 U.S. 867, 148 L. Ed. 2d 110 (2000). Finally, the trial court's words " 'may not be detached from the context and the incidents of the trial and then critically examined for an interpretation from which erroneous expressions may be inferred.' " *State v. Chandler*, 342 N.C. 742, 752, 467 S.E.2d 636, 641 (1996) (quoting *State v. McWilliams*, 277 N.C. 680, 684-85, 178 S.E.2d 476, 479 (1971)).

Defendant failed to object to the instructions given by the trial court, which generally operates to preclude raising the error on appeal. *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985); N.C.R. App. P. 10(b)(1) (1999). However, defendant has specifically and distinctly contended plain error on appeal as allowed pursuant to N.C.R. App. P. 10(c)(4) (1999).

In this case, the trial court properly instructed the jury that they must consider all of the evidence presented and that defendant's statement was admissible only for the limited purpose for which it was allowed into evidence. Based on the totality of circumstances, we hold that the trial court's instructions did not constitute an impermissible expression of opinion on the evidence. This assignment of error is overruled.

No error.

Judge HUNTER concurs.

Judge WYNN dissents.

WYNN, Judge dissenting.

Rule 401 of the North Carolina Rules of Evidence defines relevant evidence to be "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that "[e]vidence which is not relevant is not admissible." Rule 403 provides for the exclusion of certain evidence despite its relevance. Rule 404(b) defines the admissibility of "[e]vidence of other crimes," while Rule 609 defines the admissibility of evidence of a *conviction*. The majority opinion rewrites the language of Rule 404(b) to now permit the introduction of the bare fact of a prior conviction to show one of the enumerated purposes under

that rule. This is a radical change in criminal law.[1] Indeed, the effect of the majority's opinion now allows for the bare fact of a prior *conviction* to be admitted under Rule 404(b) in *every* case in which the *underlying evidence* of that conviction would be admissible for one of the enumerated purposes under Rule 404(b) and where such evidence would not offend the prejudicial guards of Rule 403. The fallacy of this result is the failure to distinguish between the underlying evidence of a conviction, and the bare fact that a defendant has been convicted. In fashioning Rules 404(b) and 609, the legislature intended for the courts to recognize this distinction but today, judicially, our Court abandons that distinction.

Under Rule 404(b), "evidence of other crimes" may be admitted for certain purposes; thus, in this case the "evidence of other crimes" testimony of Prytle and Long was properly admitted in proof of an enumerated purpose under 404(b). In contrast, the bare testimony of Shelby Newcomb establishing only that defendant had been convicted of a prior crime, is not admissible under 404(b) as that bare conviction meets none of the enumerated purposes under that rule. Rather, Rule 609 allows evidence of "prior convictions" to impeach a testifying defendant. Since the defendant in this case did not testify, I believe that the trial court committed prejudicial error in allowing Shelby Newcomb's testimony of defendant's prior convictions under Rule 404(b), and that the majority's opinion blurs the distinction between Rule 404(b) and Rule 609.

First, by its plain language Rule 609 allows the admission of prior convictions while generally excluding the facts and circumstances underlying such convictions; conversely, Rule 404(b) allows the admission of "other crimes," without any mention of prior "convictions." Second, the bare fact of a defendant's prior conviction would rarely, if ever, be probative of any legitimate Rule 404(b) purpose; instead, it is the facts and circumstances underlying such a conviction which hold probative value. Third, even if a conviction, in and of itself, held a scintilla of probative value for Rule 404(b) purposes, the

---

1. An unchallenged basic tenet of criminal law is that the State must prove defendant's guilt beyond a reasonable doubt. Fundamentally, this means that the State may not prove such guilt by showing that because another jury found the defendant guilty of an unrelated crime in the past, he is therefore guilty in the present case. Nor may the State prove guilt by showing that the fact that an earlier jury convicted the defendant is proof of his intent, motive, knowledge, etc. under Rule 404(b); thus, such prior conviction evidence is not permitted under 404(b). Rather, the legislature chose to allow such evidence *only* to impeach the defendant's testimony under the specific limitations of Rule 609.

inherent prejudicial effect of such a conviction would substantially outweigh its probativity, mandating its exclusion under Rule 403. Finally, this Court's prior decision in *State v. Barkley*, 144 N.C. App. 514, 551 S.E.2d 131 (2001), cited by the majority in support of the admission of a defendant's prior convictions for Rule 404(b) purposes, was based on a misplaced reliance on dicta in our Supreme Court's decision in *State v. Murillo*, 349 N.C. 573, 509 S.E.2d 752 (1998), *cert. denied*, 528 U.S. 838, 145 L. Ed. 2d 87 (1999). The other case cited by the majority, *State v. Hipps*, 348 N.C. 377, 501 S.E.2d 625 (1998), *cert. denied*, 525 U.S. 1180, 143 L. Ed. 2d 114 (1999), apparently did not involve the introduction of the bare fact of the defendant's prior conviction at the guilt-innocence phase, but rather involved the admission of the evidence underlying that conviction.

In this case, following testimony by Eden Police Officer Reese Pyrtle and State Bureau of Investigation Special Agent Windy Long concerning defendant's prior crimes on 15 June and 11 and 12 October 1994, Shelby Newcomb, the Deputy Clerk of the Superior Court, Rockingham County, testified that defendant had prior convictions on file in Rockingham County for (1) possession of cocaine on 15 June 1994, (2) possession with intent to sell or deliver cocaine on 11 October 1994, and (3) sale or delivery of cocaine on 11 October 1994. Following Newcomb's testimony, the trial court instructed the jury that evidence of these prior convictions was to be considered only for the limited purpose, pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999), of showing defendant's knowledge of possession and intent to sell cocaine.

Defendant argues that the introduction of the *bare fact* of a defendant's prior conviction is proper only for the purpose of impeaching a testifying defendant under N.C. Gen. Stat. § 8C-1, Rule 609(a) (1999). As I agree with this contention, I would find that the trial court committed prejudicial error in permitting the State, via Newcomb's testimony, to introduce the bare fact of defendant's prior convictions, where defendant did not testify and such evidence was not being offered under Rule 609(a) for impeachment purposes.

A comparison of the plain language of Rule 609 and Rule 404 indicates that *prior convictions* are admissible under Rule 609, while *evidence of other crimes* is admissible under Rule 404(b). Furthermore, it is clear that Rule 609 does not permit the introduction of evidence underlying the prior convictions; I believe that, similarly, Rule 404(b) generally does not permit the introduction of

prior convictions. Rule 609, entitled "Impeachment by evidence of conviction of crime," provides that:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony . . . shall be admitted if elicited from the witness or established by public record during cross-examination or thereafter.

N.C. Gen. Stat. § 8C-1, Rule 609(a).

In *State v. Ross*, 329 N.C. 108, 405 S.E.2d 158 (1991), our Supreme Court stated in construing Rule 609 that "it is important to remember that the only legitimate purpose for introducing evidence of past convictions is to *impeach the witness's credibility*." *Id.* at 119, 405 S.E.2d at 165 (citation omitted). *See also* Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 98, n. 258 (5th ed. 1998). In *State v. Carter*, 326 N.C. 243, 388 S.E.2d 111 (1990), our Supreme Court similarly stated:

> The only "legitimate purpose" for admitting a defendant's past convictions is to cast doubt upon his veracity; such convictions are not to "be considered as substantive evidence that he committed the crimes" for which he is presently on trial by characterizing him as "a bad man of a violent, criminal nature . . . clearly more likely to be guilty of the crime charged." *State v. Tucker*, 317 N.C. [532,] 543, 346 S.E.2d [417,] 423 [(1986)].

326 N.C. at 250, 388 S.E.2d at 116. In other words, Rule 609 permits the introduction of a prior conviction on the theory that such a conviction, in and of itself, bears upon the witness's veracity, and inherently impeaches the witness's character and credibility. The facts and circumstances underlying such a conviction are therefore generally irrelevant in determining the admissibility of the conviction, unless elicited by the trial court on *voir dire* to perform the required balancing test under Rule 609(b) for an older conviction. Such underlying facts and circumstances, however, are not admissible as *evidence* under Rule 609.

In contrast to Rule 609, Rule 404(b), entitled "Other crimes, wrongs, or acts," provides that evidence of other *crimes* or *acts* committed by a person may be admissible for certain purposes; notably, nowhere does the word "conviction" appear in Rule 404(b). Instead, it is precisely the facts and circumstances underlying the conviction that Rule 404(b) allows (while the same facts and circumstances are barred under Rule 609). In *State v. Barnett*, 141 N.C. App. 378, 540

S.E.2d 423 (2000), *appeal dismissed and disc. review denied,* 353 N.C. 527, 549 S.E.2d 552 (2001), this Court discussed the relationship between Rule 609 and Rule 404(b). In *Barnett,* the defendant was tried and convicted of first-degree felony murder. The defendant testified at trial, and on cross-examination the State questioned the defendant concerning his prior convictions for possession of stolen property and forgery. The defendant admitted to these convictions, and the State further questioned the defendant concerning the purpose of his forgery activities, and whether those activities were undertaken to support the defendant's drug habit.

On appeal, the defendant argued that the State's line of questioning concerning his prior convictions was impermissible. In considering this argument, this Court stated:

> When a defendant elects to testify, evidence of prior convictions is admissible for the purpose of impeaching defendant's credibility pursuant to Rule 609 of the Rules of Evidence.
>
> . . .
>
> This rule was recently interpreted in *State v. Lynch,* 334 N.C. 402, 432 S.E.2d 349 (1993).
>
> In *Lynch,* our Supreme Court held that the State is prohibited "from eliciting details of prior convictions other than the name of the crime and the time, place, and punishment for impeachment purposes under Rule 609(a) in the guilt-innocence phase of a criminal trial." *Id.* at 410, 432 S.E.2d at 353. However, the *Lynch* Court went on to discuss certain exceptions to this exclusionary rule, including Rule 404(b) of the North Carolina Rules of Evidence.
>
> Here it is clear that the State exceeded the permissible scope of inquiry into defendant's prior criminal conviction under Rule 609(a). On cross-examination the State asked defendant whether he had been convicted of possessing stolen property and forgery. When defendant answered affirmatively, the State proceeded to delve into defendant's motivation for his "forgery activity." Thus, the State elicited "details of prior convictions other than the name of the crime and the time, place, and punishment," *id.,* allowable for *impeachment* purposes. *However, that the evidence could not be admitted pursuant to Rule 609(a) does not preclude its admission under an alternative Rule of Evidence.*

*Barnett,* 141 N.C. App. at 388-89, 540 S.E.2d at 430 (emphasis added). This Court then discussed Rule 404(b), noting that it states a " 'general rule of inclusion of relevant evidence of other crimes,' " *id.* at 389, 540 S.E.2d at 431 (quoting *State v. Coffey,* 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990)), and held:

> [T]his testimony [of the facts and circumstances underlying defendant's prior conviction] was relevant on the issue of defendant's motive. . . . On cross-examination, the State further questioned defendant about his drug habit, and about his means of financing that drug habit. The evidence that defendant previously committed forgery to finance his drug habit could properly be admitted, not to show defendant had a propensity to commit forgery or other crimes, but rather to show that his need to support his drug habit and his lack of finances were the motive for the robbery and murder of the victim.
>
> . . . Here the evidence elicited on cross-examination about defendant's drug use and his prior conviction was admissible under Rule 404(b) because it permits the inference that defendant committed this robbery and murder to obtain money he needed to support his drug habit.

*Barnett,* 141 N.C. App. at 390, 540 S.E.2d at 431. Thus, evidence eliciting details of acts that formed the basis of prior convictions may be elicited under Rule 404(b) even though such evidence may be barred under Rule 609. *Id.* at 389, 540 S.E.2d at 430 ("that the evidence could not be admitted pursuant to Rule 609(a) does not preclude its admission under an alternative Rule of Evidence"). *Barnett* also implies that the evidence of the defendant's prior *convictions* was properly admitted under Rule 609, even though such evidence would have been improper under Rule 404(b), as the convictions themselves offered no independent insight into the defendant's motive in committing the later crime of murder.

In the instant case, Officer Pyrtle and Agent Long's testimony concerning defendant's prior crimes in June and October 1994 was admitted under Rule 404(b) to show defendant's intent and knowledge with respect to the charged drug offenses. In addition, Shelby Newcomb testified regarding defendant's prior convictions, purportedly to also show his intent and knowledge with respect to the charged drug offenses; admittedly, intent and knowledge are both proper purposes for admitting "other crimes" evidence under Rule 404(b). *See* N.C. Gen. Stat. § 8C-1, Rule 404(b). Furthermore, these

mental states are elements that must be proven by the State pursuant to N.C. Gen. Stat. §§ 90-95(a)(1) and G.S. § 90-95(h)(3) (1999). *See State v. Bunch,* 104 N.C. App. 106, 408 S.E.2d 191 (1991) (intent is the gravamen of the offense of possession with intent to sell or deliver under G.S. § 90-95(a)(1)); *State v. Weldon,* 314 N.C. 401, 333 S.E.2d 701 (1985) (felonious possession of a controlled substance under G.S. § 90-95 requires that the substance be *knowingly* possessed); *State v. Rich,* 87 N.C. App. 380, 361 S.E.2d 321 (1987) (possession of a controlled substance involves the power and *intent* to control the substance).

Thus, the *evidence underlying* defendant's prior convictions was offered by the State for proper *purposes* under Rule 404(b). In contrast, Newcomb's testimony establishing that defendant had in fact been convicted of the prior offenses was not probative on the question of defendant's intent or knowledge, and therefore should have been excluded under Rule 404(b). Indeed, one must ask whether the convictions themselves could have been admitted under Rule 404(b) absent the admission of the attendant underlying facts and circumstances via Officer Pyrtle's and Agent Long's testimony? Most assuredly not; Shelby Newcomb's testimony bore no independent relevance under Rule 404(b), and accordingly should have been excluded under Rule 402.

Even where evidence is deemed to be relevant and probative for some Rule 404(b) purpose, the ultimate test of its admissibility is whether its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (1999); *see also State v. Everhardt,* 96 N.C. App. 1, 384 S.E.2d 562 (1989), *aff'd,* 326 N.C. 777, 392 S.E.2d 391 (1990); *State v. Lyons,* 340 N.C. 646, 459 S.E.2d 770 (1995). The facts and circumstances underlying the prior bad acts must be sufficiently similar and not so remote as to run afoul of the Rule 403 balancing test. *See State v. West,* 103 N.C. App. 1, 404 S.E.2d 191 (1991). "[A] prior act or crime is 'similar' if there are some unusual *facts* present indicating that the same person committed both the earlier offense and the present one." *State v. Sneeden,* 108 N.C. App. 506, 509, 424 S.E.2d 449, 451 (1993), *aff'd,* 336 N.C. 482, 444 S.E.2d 218 (1994) (emphasis added). Implicitly, Rule 403 envisions a comparison of *facts and circumstances,* rather than *charges and convictions;* that is, it is the evidence *underlying* a prior conviction that is balanced in the Rule 403 calculus, rather than the conviction itself. Otherwise, any prior conviction of the same crime as currently charged would be readily admissible under Rule 403,

based on the similarity between the prior conviction and the current charge (assuming the conviction is not too remote).

The majority cites several decisions from our courts for the general proposition that it is not error to admit the fact of a defendant's prior convictions under Rule 404(b). However, in each of those cases, it is clear that the court intended that a purpose under Rule 404(b) was satisfied by presentation of the *evidence* of the prior conviction, not the bare fact that defendant had been convicted. Thus, in *State v. Rich*, 351 N.C. 386, 527 S.E.2d 299 (2000), the Supreme Court permitted evidence that underlaid convictions for excessive speeding and reckless driving to show the malice necessary to support a second-degree murder conviction (70 mph in a 35 mph zone; 70 mph in a 55 mph zone; reckless driving and fleeing arrest; 76 mph in a 45 mph zone; 75 mph in a 45 mph zone). *See also State v. McAllister*, 138 N.C. App. 252, 530 S.E.2d 859 (2000); *State v. Fuller*, 138 N.C. App. 481, 531 S.E.2d 861, *disc. review denied*, 353 N.C. 271, 546 S.E.2d 120 (2000); *State v. Miller*, 142 N.C. App. 435, 543 S.E.2d 201 (2001); *State v. Grice*, 131 N.C. App. 48, 505 S.E.2d 166 (1998), *disc. review denied*, 350 N.C. 102, 533 S.E.2d 473 (1999). In each case, it was the *underlying evidence* that showed the necessary malice, not the fact that a trial court convicted the defendant.

In *State v. Hall*, 85 N.C. App. 447, 355 S.E.2d 250, *disc. review denied*, 320 N.C. 515, 358 S.E.2d 525 (1987), this Court upheld the trial court's admission of the evidence underlying defendant's prior conviction for assault with intent to rape. This Court noted that:

> *In cases involving sexual offenses*, our courts have been liberal in construing the exceptions to the general rule that evidence that defendant committed another, separate offense is inadmissible. *Whether a defendant's previous conviction for a sexual offense is pertinent in his prosecution for an independent sexual crime depends on the facts in each case, and, among other things, the availability of other forms of proof.*

*Id.* at 450, 355 S.E.2d at 252 (emphasis added) (internal citations omitted). Thus *Hall*, limiting its application to cases involving sexual offenses, allowed limited evidence of the defendant's intent to rape the victim, as the victim escaped before the offense was completed. *Id.* Unlike *Hall*, the instant case is not a sexual offense case.

The majority also notes that this Court has held that it is proper to admit both (1) testimony of the facts and circumstances underly-

STATE v. WILKERSON

[148 N.C. App. 310 (2002)]

ing a defendant's prior conviction(s), as well as (2) testimony of the bare fact of the defendant's conviction(s). *See Hipps*, 348 N.C. 377, 501 S.E.2d 625; *Barkley*, 144 N.C. App. 514, 551 S.E.2d 131. In *Hipps*, our Supreme Court upheld the trial court's admission of evidence underlying the defendant's prior conviction for second-degree murder, based on the similarities between the prior crime and the current crime of first-degree murder for which the defendant was indicted. However, it is unclear from the *Hipps* opinion, and doubtful given our Supreme Court's focus on the facts and circumstances underlying the prior crime, whether the trial court admitted the *bare fact* of the defendant's prior conviction.

*Barkley*, also cited by the majority, cites *State v. Murillo*, 349 N.C. 573, 509 S.E.2d 752 (1998), *cert. denied*, 528 U.S. 838, 145 L. Ed. 2d 87 (1999), in support of the proposition that trial court did not err in admitting evidence of the defendant's prior conviction under Rule 404(b). In *Murillo*, our Supreme Court stated that "[a] prior conviction may be a bad act for purposes of Rule 404(b) if substantial evidence supports a finding that defendant committed both acts, and the 'probative value is not limited *solely* to tending to establish the defendant's propensity to commit a crime such as the crime charged.' " 349 N.C. at 595, 509 S.E.2d at 765 (quoting *State v. Stager*, 329 N.C. 278, 303, 406 S.E.2d 876, 890 (1991)).

However, a closer look at *Murillo* reveals that the defendant was not challenging the introduction of his prior *conviction*, but rather was challenging the introduction of the facts and circumstances *underlying* his prior conviction. The defendant in *Murillo* was charged with the first-degree murder of his wife by shooting her. The State sought to introduce evidence that the defendant's first wife also died at his hands from a gunshot wound, as evidence that the defendant's act in shooting his later wife was not accidental. Our Supreme Court noted that "[t]he trial court . . . ruled that evidence of defendant's prior conviction was inadmissible unless [defendant] took the stand. Defendant was therefore free to argue that [his first wife's] death was purely accidental and that he was entirely free from culpability." *Id.* at 594, 509 S.E.2d at 764.

In the instant case, the trial court, by contrast, *allowed* the prior convictions even though defendant did *not* take the stand; defendant here was *not* free to argue that he was entirely free from culpability for the previous bad acts, as the earlier juries, and indeed the State itself, via the courts, had given the imprimatur of finality and validity to the prior charges.

STATE v. WILKERSON

[148 N.C. App. 310 (2002)]

It is clear, then, that the bare fact of defendant's prior *conviction* was *not* admitted in *Murillo* (or, at the very least, if it was admitted, it was only after the defendant testified). Thus, the statement in *Murillo* that "[a] prior conviction may be a bad act for purposes of Rule 404(b) if substantial evidence supports a finding that defendant committed both acts, and the 'probative value is not limited *solely* to tending to establish the defendant's propensity to commit a crime such as the crime charged,' " 349 N.C. at 595, 509 S.E.2d at 765 (quoting *Stager*, 329 N.C. at 303, 406 S.E.2d at 890), is merely dicta. Furthermore, in *Stager*, the defendant had not been *convicted* of the prior bad act, so *Stager* does not support the proposition for which *Murillo* cites it, i.e. *Stager* does *not* say that a prior *conviction* can be a Rule 404(b) bad act; rather, *Stager* talks of a prior "similar act." 329 N.C. at 303, 406 S.E.2d at 890.[2] Similarly, *Hipps* does *not* state that the bare fact of a defendant's prior conviction is automatically admissible in every instance where the evidence underlying that conviction is properly admitted.

Having carefully considered our applicable case law, I would hold that in a criminal prosecution, the State may not introduce prior crimes evidence under Rule 404(b) by introducing the bare fact that the defendant was previously convicted of a crime, even if the defendant's previous conviction was for the same crime for which he or she is currently charged. Indeed, any similarities between the *offense* of which defendant was previously convicted and the current charged *offense* (as opposed to similarities in the facts and circumstances underlying such offenses) manifestly *increases* the danger of unfair prejudice, further tilting the Rule 403 balance in favor of excluding the fact of the prior conviction.

Additionally, I must emphasize that the existence of other evidence of defendant's intent and knowledge in the instant case greatly reduced the probative value of defendant's prior convictions, while simultaneously increasing their prejudicial effect. *See Hall*, 85 N.C. App. at 450-51, 355 S.E.2d at 252 (emphasizing increased probativity of evidence underlying defendant's prior conviction on issue of intent on attempted rape charge, where other evidence of defendant's intent was very limited). In my view, admitting the bare fact of a defendant's

---

2. Arguably, under very narrow circumstances, bare evidence of a prior conviction could be probative of an enumerated purpose under 404(b); for instance, the bare fact that defendant was convicted of an offense could be probative of a defendant's motive or intent in committing a subsequent crime of assaulting a witness that helped procure the earlier conviction. Even then, the trial court would be required to assess the prejudice of allowing the bare evidence of the prior conviction under Rule 403.

prior *conviction*, except in cases where our courts have recognized a categorical exception to the general rule (e.g. admitting prior sexual offenses in select sexual offense cases, and admitting prior traffic-related convictions to prove malice in second-degree murder cases), violates Rule 404(b) (as the conviction itself is not probative for any Rule 404(b) purpose) as well as Rule 403, as the bare fact of a prior conviction is inherently prejudicial such that any probative value of the conviction is substantially outweighed by the danger of unfair prejudice.[3]

By permitting the State to introduce the bare fact of a defendant's prior conviction, we permit the jury to surmise that the defendant, having once formed the necessary intent or developed the requisite *mens rea*, undoubtedly did so again; after all, another jury has already conclusively branded the defendant a criminal. Such leaps of logic, which inescapably treat the prior conviction as propensity evidence, are prohibited by Rule 404(b); the defendant is impeached without ever taking the stand, and is ineluctably labeled a criminal by the present jury. Thus, introducing the bare fact of a prior conviction under Rule 404(b) fails to satisfy the Rule 403 balancing test, as the only fair interpretation of the purpose behind the State's introduction of such evidence is impermissible: that the evidence is being offered to show the defendant's predisposition to commit the crime charged. *See* Rule 404(b); *State v. Coffey*, 326 N.C. 268, 279, 389 S.E.2d 48, 55 (1990) (prior crimes evidence must be excluded where its only probative value is to show the defendant's propensity to commit an offense of the nature of the crime charged); *Ross*, 329 N.C. at 119, 405 S.E.2d at 165 ("the only legitimate purpose for introducing evidence of past convictions is to *impeach the witness's credibility*"); *see also Carter.*

Because the jury was permitted to infer defendant's intent to sell or deliver the cocaine from the bare fact of his prior convictions, I cannot say that the introduction of those prior convictions was harmless error as to his current conviction for possession with intent to sell or deliver cocaine. Furthermore, as the jury was allowed to infer from his prior convictions defendant's knowledge of his possession of the cocaine, as well as his intent to control the cocaine, I cannot say

---

3. Notably, if the bare fact of a prior conviction is not *independently* relevant for some 404(b) purpose (without reference to the underlying facts and circumstances), it is not relevant for *any* purpose (assuming the defendant does not testify, making the conviction admissible under Rule 609), and is therefore inadmissible pursuant to Rule 402.

that introduction of those convictions was harmless error as to his conviction for trafficking in cocaine. *See Weldon; Rich.* The defense was inescapably tainted and unfairly prejudiced by the admission of defendant's prior convictions, despite (or indeed as a result of) the independent evidence of defendant's knowledge and intent elicited from Officer Pyrtle and Agent Long.

As I conclude that the trial court committed prejudicial error in permitting the State to introduce the bare fact of defendant's prior convictions, I would reverse and remand for a new trial. Accordingly, I respectfully dissent.