STATE OF NORTH CAROLINA v. GREGORY SCOTT

No. COA04-95

(Filed 4 January 2005)

**1. Evidence— prior crimes or bad acts—driving while impaired—not admissible**

The trial court erred in a prosecution for driving with a revoked license by admitting multiple letters of suspension with no redaction of the specific offenses, including multiple counts of driving while impaired.

**2. Sentencing— habitual felon—underlying offenses—felonies**

In an appeal decided on other grounds, an indictment charging defendant with being an habitual felon was not defective where it charged defendant with cocaine possession and speeding to elude arrest with aggravating circumstances, which by statute elevates the initial misdemeanor to a felony. Cocaine possession is a felony for all purposes.

**3. Motor Vehicles— driving with revoked license—indictment—notice of suspension**

In an action decided on other grounds, defendant was properly indicted for driving with a revoked license even though the indictment did not list the element of notice of suspension.

**4. Motor Vehicles— speeding to elude arrest—notice of elements**

In an appeal decided on other grounds, defendant was properly indicted for speeding to elude arrest with the aggravating factor of driving with a revoked license, even though all of the elements of the offense were not listed.

Appeal by defendant from judgment entered 28 August 2003 by Judge J. Richard Parker in Nash County Superior Court. Heard in the Court of Appeals 19 October 2004.

STATE v. SCOTT

[167 N.C. App. 783 (2005)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jason T. Campbell, for the State.*

*Stubbs, Cole, Breedlove, Prentis & Biggs, P.L.L.C., by C. Scott Holmes, for defendant-appellant.*

HUNTER, Judge.

Gregory Scott ("defendant") appeals from a judgment dated 28 August 2003 entered consistent with a jury verdict finding him guilty of felony operation of a motor vehicle to elude arrest, reckless driving, and driving while license revoked. As we find error in the trial court's admission of defendant's prior convictions, we reverse and remand for a new trial.

The evidence tends to show that defendant was driving a green Honda Accord on Beale Street in the town of Rocky Mount after midnight on 10 May 2001. Officer Ian Kendrick ("Officer Kendrick") and Officer C. D. Joyner ("Officer Joyner") of the Rocky Mount Police Department were patrolling on bicycles. After hearing a vehicle with a revved engine and squealing tires, the officers approached defendant, who was stopped at a stop sign. The officers asked defendant to turn off his engine and remove the keys from the ignition. Defendant refused and sped away from the scene, causing Officer Kendrick to leap from his bicycle in order to avoid being struck by the departing vehicle.

The officers were unable to catch the vehicle, but dispatched a description of the automobile and tag number to other officers in the area. State Highway Patrol Trooper William R. Bullock ("Trooper Bullock"), received the dispatch and spotted the Accord jumping over train tracks with all four tires airborne at an estimated speed of fifty to fifty-five miles per hour. Trooper Bullock pursued the vehicle and found it abandoned in the middle of the road with the driver's side door opened.

Defendant was charged with assault with a deadly weapon of a law enforcement officer, driving while license revoked, reckless driving, and feloniously operating a motor vehicle to elude arrest. Defendant did not testify at trial. Defendant was not convicted of assault with a deadly weapon, but was convicted of the remaining three charges. Defendant pled guilty to a habitual felon charge after the jury returned a verdict of guilty as to the predicate felony. Defendant's convictions were consolidated and he was sentenced to a term of 100 to 126 months. Defendant appeals.

I.

**[1]** Defendant contends the trial court erroneously admitted evidence of prior convictions against defendant. As we agree, we reverse and remand for a new trial.

Defendant was charged with "unlawfully and willfully . . . operat[ing] a motor vehicle on a street or highway while the defendant's driver's license was revoked." One element of the crime of driving while license revoked is actual or constructive notice of the revocation. *See State v. Atwood*, 290 N.C. 266, 271, 225 S.E.2d 543, 545 (1976). At trial, the State submitted defendant's driving record ("Exhibit 3A") as evidence of defendant's multiple convictions and suspensions, as well as multiple letters of suspension for various traffic offenses ("Exhibit 2A") as evidence of notice for this charge, both of which included statements of defendant's specific prior offenses. Defendant objected to the admission of Exhibit 3A as it listed prior convictions. The trial court permitted the driving record to be admitted only after the State offered a redacted copy which removed the specific offenses from Exhibit 3A. The specific offenses were not removed from Exhibit 2A, however. Although defendant did not raise a specific objection to Exhibit 2A regarding the prior convictions, defendant's objection to the admission of this evidence in Exhibit 3A, presented together with Exhibit 2A, was sufficient to preserve this issue for appellate review. *See* N.C.R. App. P. 10(b)(1).

Under Rule 404(b) of the North Carolina Rules of Evidence, evidence of other crimes, wrongs or acts is not admissible to show action in conformity therewith. N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). Evidence of the bare facts of a conviction are rarely, if ever, admissible against a non-testifying defendant. *See State v. Wilkerson*, 148 N.C. App. 310, 319, 559 S.E.2d 5, 11 (Wynn, J., dissenting), *rev'd per curiam*, 356 N.C. 418, 571 S.E.2d 583 (2002) (for reasons stated in dissenting opinion). Admission of a letter of suspension is appropriate as evidence of notice in a charge of driving while license revoked, as defendant concedes. *See Atwood*, 290 N.C. at 271, 225 S.E.2d at 545 (holding that for purposes of a conviction for driving while license is revoked, mailing of the notice of suspension raises a *prima facie* presumption that defendant received the notice and thereby acquired knowledge of the suspension or revocation). However, the trial court's admission of multiple letters of suspension, with no redaction of the specific offenses for which the license was revoked, including multiple counts of driving while impaired, is a violation of Rule

404(b), as no basis in this case has been shown for admission of the bare facts of the specific offenses. *Wilkerson*, 148 N.C. App. at 319-20, 559 S.E.2d at 11.

Further, such error in admission is not so harmless as to prevent the conclusion that "had the error in question not been committed, a different result would have been reached[.]" N.C. Gen. Stat. § 15A-1443(a) (2003). Although, as the State notes, the prior convictions were not highlighted in the text of the letters and were listed in the same font and size as the rest of the text, the jury was properly charged by the trial court with the duty to "weigh all of the evidence in the case[,]" *see State v. McClain*, 282 N.C. 396, 400, 193 S.E.2d 113, 115 (1972), including the letters of suspension plainly listing defendant's prior convictions. Therefore, we find that admission of the letters with inclusion of the specific offenses cannot be said to be harmless error and we grant a new trial. Although this error is dispositive of this appeal, we will discuss the additional assignments of error likely to arise again at defendant's next trial that are properly before this Court.

II.

[2] Defendant next contends that the predicate substantive felony used in the habitual felon charge is not a felony, and therefore the indictment is fatally defective. Defendant further argues that one of the underlying felonies, possession of cocaine, in the ancillary habitual felon indictment is also not a felony. We disagree.

Under the Habitual Felons Act, N.C. Gen. Stat. § 14-7.3 (2003), two indictments are required, one for the predicate substantive felony, and one for the ancillary habitual charge. *See State v. Cheek*, 339 N.C. 725, 727-28, 453 S.E.2d 862, 863 (1995). Under the Article, a felony offense is defined "as an offense which is a felony under the laws of the State or other sovereign wherein a plea of guilty was entered or a conviction was returned regardless of the sentence actually imposed." N.C. Gen. Stat. § 14-7.1 (2003).

Here, defendant was charged with speeding to elude arrest, N.C. Gen. Stat. § 20-141.5 (2003). Under this statute, such a violation is a misdemeanor, unless the presence of two or more aggravating factors are found. If such aggravating factors are found, N.C. Gen. Stat. § 20-141.5(b) states that "violation of this section shall be a Class H felony." Defendant suggests that the finding of aggravating factors merely changes the level of punishment, and not the actual defini-

tional classification of the crime. However, as the Supreme Court of North Carolina recently noted in *State v. Jones*, 358 N.C. 473, 598 S.E.2d 125 (2004), " '[w]hen the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning.' " *Jones*, 358 N.C. at 477, 598 S.E.2d at 128 (citation omitted). The *Jones* Court found that the statutory language of N.C. Gen. Stat. § 90-95(d) (2003), stating that possession of certain controlled substances was " 'punishable as a Class I felony,' " did not merely connote a sentencing classification, but rather dictated "that a conviction for possession of the substances listed therein . . . is elevated to a felony classification for all purposes." *Jones*, 358 N.C. at 478, 598 S.E.2d at 128. Here, the statutory language of N.C. Gen. Stat. § 20-141.5(b) contains no ambiguity whatsoever, clearly stating that the violation is a felony when two or more aggravating factors are found. As the crime with which defendant was charged is "an offense which is a felony under the laws of the State[,]" there is no fatal defect in the indictment. N.C. Gen. Stat. § 14-7.1.

Further, defendant's contention that the underlying felony of possession of cocaine is a misdemeanor for purposes of the habitual felon statute is also without merit. As discussed above, the Supreme Court's ruling in *Jones* has clarified that cocaine possession is a felony for all purposes. *Jones*, 358 N.C. at 486, 598 S.E.2d at 133. Therefore, defendant's indictment as a habitual felon was not fatally defective and the trial court had jurisdiction to proceed as to the charges. Defendant's assignment of error is overruled.

III.

[3] Defendant next contends the indictments for driving while license revoked and speeding to elude arrest were defective, as they failed to list all elements of the crime of driving with license revoked. We disagree.

Defendant contends that the indictment failed to list the element of notice of suspension in the charge of driving while license revoked. While notice is not a required element under the governing statute, N.C. Gen. Stat. § 20-28 (2003), the Supreme Court has held proof of constructive or actual notice is necessary in order to obtain a conviction of this offense. *Atwood*, 290 N.C. at 271, 225 S.E.2d at 545. This Court has held, however, that it is not necessary to charge on knowledge of revocation when unchallenged evidence shows that the State has complied with the provisions for giving notice of revocation

under N.C. Gen. Stat. § 20-16(d), as is the case here. *See State v. Funchess*, 141 N.C. App. 302, 311, 540 S.E.2d 435, 440-41 (2000).

**[4]** As defendant was properly indicted with the offense of driving while license revoked, we also find no error in the indictment for speeding to elude arrest using the aggravating factor of driving while licence revoked. As the Supreme Court recently explained in *State v. Squires*, 357 N.C. 529, 591 S.E.2d 837 (2003), "[t]he United States Supreme Court has consistently declined to impose a requirement mandating states to prosecute only upon indictments which include all elements of an offense." *Id.* at 537, 591 S.E.2d at 842 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477, n.3, 147 L. Ed. 2d 435, 447, n.3 (2000)). *Squires* noted that our courts have consistently held that statutory short-form murder indictments are constitutional as they "give a defendant sufficient notice of the nature and cause of the charges against him or her[,]" even when elements such as premeditation and deliberation or felony-murder are excluded. *Squires*, 357 N.C. at 537, 591 S.E.2d at 842. Similarly, as the indictment for speeding to elude arrest properly included the statutory aggravating factor of driving while licence revoked, sufficient notice was given to defendant of the underlying aggravating factor. *Funchess*, 141 N.C. App. at 311, 540 S.E.2d at 440-41. Thus, we find no error in the challenged indictments.

## IV.

Defendant brings forward four additional assignments of error. In view of our disposition of this appeal, we decline to address these errors.

As the trial court erred in admission of evidence of defendant's past convictions, we order a new trial. Those additional assignments of error discussed above are overruled.

New trial.

Judges WYNN and THORNBURG concur.

Judge Thornburg concurred in this opinion prior to 31 December 2004.