STATE OF NORTH CAROLINA v. FRANKIE MILLER

No. 757SC195

(Filed 4 June 1975)

1. Jury § 7— number of peremptory challenges
    The trial court in a common law robbery case did not err in not allowing defendant more than six peremptory challenges. G.S. 9-21(a).

2. Criminal Law §§ 34, 96— evidence showing prior crimes — withdrawal — admission upon cross-examination
    Error in the admission of testimony tending to show that defendant at a given time was in jail was cured when the trial court sustained defendant's objection and instructed the jurors not to consider

State v. Miller

the testimony; furthermore, defendant rendered such testimony harmless when he admitted upon cross-examination that he had a criminal record and had served time in prison.

**3. Criminal Law § 46— escape from jail — evidence of flight**

The trial court did not err in admitting evidence that defendant escaped from jail while awaiting trial and instructing the jury on flight since flight may be considered by the jury in connection with other circumstances in passing on guilt; furthermore, any error in the admission of the evidence was rendered harmless when defendant admitted on cross-examination that he had escaped from jail.

**4. Criminal Law § 97— refusal to allow recall of witnesses, call of witness not in court**

The trial court in a common law robbery case did not abuse its discretion in refusing to permit defendant to recall witnesses who had already testified and to call numerous other witnesses who were not in court and some of whom were in other cities.

APPEAL by defendant from *Webb, Judge.* Judgment entered 10 October 1974 in Superior Court, WILSON County. Heard in the Court of Appeals 13 May 1975.

Defendant was tried on a bill of indictment charging common law robbery of Una M. Bartholomew on 7 December 1972. He pled not guilty. The jury returned a verdict of guilty as charged and from judgment imposing prison sentence of 10 years, he appealed.

*Attorney General Edmisten, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Zoro J. Guice, Jr., for the State.*

*Vernon F. Daughtridge for the defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error, defendant contends the trial court abused its discretion in not allowing him more than six peremptory challenges. The assignment has no merit. G.S. 9-21(a) allows a defendant to challenge peremptorily without cause six jurors "and no more". *See also State v. Fuller,* 114 N.C. 885, 892, 19 S.E. 797 (1894). The assignment is overruled.

[2] By the second assignment of error argued in his brief, defendant contends the trial court erred in allowing into evidence testimony by State's witnesses as to defendant's prior criminal convictions and by denying defendant's motion for a mistrial based upon such testimony. The testimony complained of tended

to show that defendant at a given time was in jail somewhere else. The trial judge sustained defendant's objection and upon motion to strike instructed the jurors not to consider that testimony. It is well established in this jurisdiction that if the court properly withdraws incompetent evidence from jury consideration, and instructs the jury not to consider it, this cures error in its admission in all but exceptional circumstances. *State v. Carnes,* 18 N.C. App. 19, 195 S.E. 2d 588 (1973). Furthermore, in taking the witness stand and admitting under cross-examination that he had a criminal record and that he had served time in prison, defendant rendered harmless the challenged testimony. 3 Strong, N. C. Index 2d, Criminal Law, § 169 (1967). The assignment has no merit and is overruled.

[3] By the third assignment of error argued in his brief, defendant contends the court erred in (1) admitting evidence showing that he escaped from the Wilson County Jail while awaiting trial and (2) instructing the jury on the question of flight. The assignment is without merit. Assuming, *arguendo,* that the court erred in admitting the evidence, the error was rendered harmless when defendant took the witness stand and on cross-examination admitted escaping from the jail. 3 Strong, *supra.* Furthermore, it is well settled that "[f]light is competent evidence to be considered by the jury in connection with other circumstances in passing upon the question of guilt". *State v. Sheffield,* 251 N.C. 309, 313, 111 S.E. 2d 195 (1959).

[4] By his final assignment of error, defendant contends the court erred in not allowing him to recall certain witnesses and to call additional witnesses. The record reveals that after defendant had called six witnesses, testified twice himself (against his counsel's advice), and his counsel had informed the court that defendant's evidence was all in, defendant then insisted on recalling certain witnesses who had already testified, and in calling numerous other witnesses who were not in court at the time, several of whom were in other cities. Defendant had not advised his counsel about the additional witnesses and refused to tell the court what he wanted to show by them. We find no merit in the assignment. To permit defendant to recall witnesses who had already testified, and to recess the trial while other witnesses were summoned, were matters within the discretion of the trial judge and are not reviewable absent a showing of abuse of discretion. *State v. Stewart,* 16 N.C. App. 419,

192 S.E. 2d 60 (1972) ; 2 Strong, N. C. Index 2d, Criminal Law, § 91 (1967). The assignment of error is overruled.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.