STATE OF NORTH CAROLINA v. JAMES GREGORY ARMISTEAD

No. 812SC401

(Filed 20 October 1981)

**Parent and Child § 2.2— child abuse—evidence of other offenses—error not preju-
dicial**

In a prosecution for child abuse, it was error to allow the introduction of
testimony concerning a separate incident where defendant struck his child;
however, the error was not prejudicial as there was ample uncontradicted
evidence that defendant intentionally inflicted some physical injury on his
child and defendant did not meet the burden of proving there is a reasonable
probability a different result would have occurred had the court not admitted
the testimony.

APPEAL by defendant from *Brown, Judge*. Judgment entered
29 October 1980 in Superior Court, WASHINGTON County. Heard
in the Court of Appeals 13 October 1981.

Defendant was convicted of misdemeanor child abuse. Judg-
ment imposing a prison sentence was entered.

Defendant was indicted for felonious child abuse in violation
of G.S. 14-318.3. The evidence tends to show that Janie Norman
and defendant are the parents of the minor child Evay Markey
Norman. On 18 July 1980, Markey was two years old and not yet
toilet trained. When Markey wet his diapers, defendant told the
child he was going to beat him. Defendant got a rod of un-
breakable fiber of 2½ to 3 feet in length. He pulled down the
child's pants, hit him on the rear, and continued to hit him after
the child began crying. The child was bleeding from his buttocks.
Janie Norman was unable to prevent defendant from beating the
child. Several days after the incident Ms. Norman contacted
the Department of Social Services which made photographs of the
child's injuries and took the child to a doctor for medical atten-
tion.

At the close of the State's evidence, the defendant moved for a dismissal. The court granted a dismissal of the felony charge and instead submitted the case to the jury on the misdemeanor charge of child abuse.

The defendant presented no evidence.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Herman E. Gaskins, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant contends the court committed prejudicial error in allowing the introduction of testimony concerning a separate incident where defendant struck his child.

It is well established in North Carolina that when the defendant in a criminal trial does not testify, evidence of other offenses is inadmissible if its only relevance is to show the character of the accused or his disposition to commit the offense charge. 1 Stansbury, N.C. Evidence § 91 (Brandis rev. 1973); *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954); *State v. Allen,* 50 N.C. App. 173, 272 S.E. 2d 785 (1980). Such evidence predisposes jurors toward guilt and diverts attention from the incident at hand. Exceptions to the rule, however, exist when the evidence is relevant to show identity, intent, knowledge, motive, habit, a continuing offense, or a common transaction. *State v. McClain, supra.*

In the present case, the court allowed Janie Norman to testify over defendant's objections that defendant had struck the same child two years earlier with an Afro comb and that the child's injuries had required medical attention. Her testimony is not relevant to show identity since defendant has never denied he struck the child on 18 July 1980. Nor is it admissible under any of the above-listed exceptions since the only issue in the cause at bar is whether defendant used excessive force on this particular occasion in disciplining his child. Commission of an offense at an earlier time does not constitute proof of commission of the one charged. *State v. McClain, supra.* Since the only relevancy of the excepted portions of Ms. Norman's testimony is to show defendant's disposition to hit his child, the evidence should not have been admitted. We do note, however, that even defendant's

counsel elicited testimony from the child's mother that she and defendant had disagreed in the past about how to discipline the child.

The burden is on the defendant to prove that there is a reasonable possibility that a different result would have occurred had the court not committed error. *State v. Turner*, 268 N.C. 225, 150 S.E. 2d 406 (1966). In the present case, defendant has not met that burden.

To convict defendant of misdemeanor child abuse, the State needed to prove only one of the following elements: (1) that the parent nonaccidentally inflicted physical injury on the child; (2) that the parent nonaccidentally allowed physical injury to be inflicted on the child; or (3) that the parent nonaccidentally created or allowed to be created a substantial risk of physical injury on the child. G.S. 14-318.2; *State v. Fredell*, 17 N.C. App. 205, 193 S.E. 2d 587 (1972), *aff'd*, 283 N.C. 242, 195 S.E. 2d 300 (1973).

Although the testimony of the separate offense should have been excluded, there is no possibility that the error affected the result. There was ample uncontradicted evidence that defendant intentionally inflicted some physical injury on his child. The force used was at least sufficient to draw blood and leave visible signs of the injury for several days. [The testimony of the case worker and doctor was not included in the record on appeal.] The situation here can be distinguished from those cases where the improperly admitted evidence was prejudicial in reducing the defendant's credibility before the jury. *See generally State v. Moore*, 51 N.C. App. 26, 275 S.E. 2d 257 (1981); *State v. Pace*, 51 N.C. App. 79, 275 S.E. 2d 254 (1981). The defendant at bar never testified. His defense, therefore, depends not on his credibility but on the reasonableness of his discipline. We hold that the evidence was sufficient to convince any rational trier of the facts beyond a reasonable doubt that defendant nonaccidentally inflicted injury to the child. This jury was so satisfied, and the result would have been the same without the error we have discussed.

No error.

Judges HILL and WHICHARD concur.