STATE OF NORTH CAROLINA v. HEBREW HAIRSTON

No. COA02-414

(Filed 18 February 2003)

**Evidence— prior offenses—no underlying facts**

There was prejudicial error in a cocaine possession and habitual felon prosecution where the court admitted testimony about defendant's prior cocaine convictions without underlying facts showing similarities between those convictions and the present offense and instructed the jury that it could consider the convictions under N.C.G.S. § 8C-1, Rule 404(b). The evidence was conflicting and not so overwhelming as to make the error nonprejudicial.

Appeal by defendant from judgment entered 7 November 2001 by Judge Michael E. Helms in Rockingham County Superior Court. Heard in the Court of Appeals 22 January 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Marvin R. Waters, for the State.*

*Geoffrey W. Hosford, for defendant-appellant.*

STEELMAN, Judge.

Defendant was indicted for felony possession of cocaine and for being an habitual felon. He was found guilty of felony possession of

cocaine by a jury and pled guilty to being an habitual felon. The trial court entered a judgment sentencing defendant to an active term of a minimum of 133 months and a maximum of 169 months. Defendant appeals his conviction for felony possession of cocaine.

The State's evidence at trial tended to show that at approximately 2:00 a.m. on 21 August 2000, Detective Scott Carter of the Eden Police Department stopped a vehicle in which defendant was a front-seat passenger for a traffic violation. After noticing a strong odor of marijuana emanating from the vehicle, Detective Carter searched the driver and found marijuana on his person. Detective Carter then searched the vehicle and found a clear pill bottle containing white residue under the front passenger seat, another pill bottle containing white residue on the side of the driver's seat and a milk container in the console between the driver's seat and the front passenger seat. The contents of the milk container were bubbling, and Detective Carter determined it contained 20 pieces of crack cocaine. Detective Carter testified that he had observed defendant drinking from the milk container during the traffic stop.

During the State's evidence, the Deputy Clerk of Superior Court of Rockingham County testified from court records concerning defendant's prior convictions for possession with intent to sell and deliver cocaine and sale of cocaine in 1995 and 1996. The trial court gave a limiting jury instruction at the time of the testimony that this evidence could not be used to prove defendant acted in conformity with the prior convictions but could be considered only to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident under N.C. Gen. Stat. § 8C-1, Rule 404(b) (2001).

Following the close of the State's evidence, defendant offered evidence and testified before the jury. He was cross-examined about his prior drug convictions which the State had introduced through the Deputy Clerk's testimony. He also was questioned about other prior drug convictions and denied drinking from the milk container found to contain crack cocaine.

The driver of the vehicle, Clarence Broadnax ("Broadnax") testified for defendant that the crack cocaine rocks found in the milk container belonged to Broadnax and that he had poured them into the milk container when he noticed Detective Carter pull behind the vehicle for the traffic stop. Broadnax also stated that no one else knew the cocaine was in the vehicle.

In the charge to the jury, the trial court instructed the jury pursuant to the North Carolina Pattern Jury Instructions, Criminal 105.40, Impeachment of the Defendant as a Witness by Proof of Unrelated Crimes, which provides that the jury may consider evidence of a defendant's prior convictions only as it bears on his truthfulness. Immediately thereafter, the trial court charged the jury that

> [w]hen evidence has been received that at an earlier time the defendant was convicted of charges dealing with cocaine, this evidence is not to be used by you as proof that the defendant is guilty of the present charge. It may be used, however, for the purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake, entrapment or accident.

The trial court also instructed the jury on constructive possession pursuant to North Carolina Pattern Jury Instructions, Criminal, 104.41, requiring both the knowledge that the substance is present and the power and intent to control it. Although he was afforded the opportunity to object, defendant did not object to any portion of the trial court's charge prior to the jury's commencing deliberations.

In his first assignment of error, defendant contends that it was reversible error to allow the Deputy Clerk to testify about his prior convictions as part of the State's evidence.

Under Rule 404(b), evidence of a defendant's other crimes, wrongs or acts is not admissible to show action in conformity therewith but may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 609(a) (2001) allows for admission of prior convictions for the limited purpose of assessing a defendant's credibility as a witness if the evidence of the convictions is "elicited from the witness or established by public record *during cross-examination or thereafter*." (emphasis added)

Our Supreme Court recently held that the bare fact of a defendant's prior convictions is not admissible under Rule 404(b) absent some offer of evidence regarding the facts and circumstances underlying the prior convictions. *State v. Wilkerson*, 356 N.C. 418, 571 S.E.2d 583 (2002) (reversing this Court's decision and adopting Judge Wynn's dissent in *State v. Wilkerson*, 148 N.C. App. 310, 559 S.E.2d 5 (2002)).

STATE v. HAIRSTON

[156 N.C. App. 202 (2003)]

Here, as in *Wilkerson*, the Deputy Clerk testified regarding the bare facts of defendant's prior convictions for cocaine offenses but offered no testimony about the facts underlying these convictions. Under the holding in *Wilkerson*, the trial court erred in admitting this testimony for substantive purposes under Rule 404(b) without evidence of the underlying facts to show similarities between the prior convictions and present offense charged. However, unlike *Wilkerson*, defendant here testified and was cross-examined about his prior convictions. Thus, we must determine whether the error was sufficiently prejudicial to defendant so as to require a new trial under N.C. Gen. Stat. § 15A-1447(a) (2001).

"In order to show prejudice necessary for a new trial, a defendant alleging error must show 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.' " *State v. Goodman*, 149 N.C. App. 57, 64, 560 S.E.2d 196, 201 (*quoting* N.C. Gen. Stat. § 15A-1443(a) (1999)), *disc. review allowed on additional issues*, 356 N.C. 170, 568 S.E.2d 852 (2002). An instructional error is not prejudicial where other evidence against the defendant is overwhelming. *State v. Williams*, 355 N.C. 501, 565 S.E.2d 609 (2002), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808 (2003).

The evidence in this case as to defendant's guilt was conflicting and was not so overwhelming as to make the trial court's error in admitting prior convictions evidence non-prejudicial. Rule 609 permits the jury to consider evidence of defendant's prior convictions for the limited purpose of assessing his credibility. The trial court improperly instructed the jury on two occasions that they could consider defendant's two prior drug convictions for Rule 404(b) purposes. The jury was allowed to infer from defendant's prior convictions that he was involved in the sale of drugs, that he had knowledge of the cocaine in the vehicle and that he had the intent to control the cocaine. Based on the evidence in this case, there is a reasonable possibility that a different result would have been reached at trial had this evidence not been received under Rule 404(b). This case is reversed and remanded for a new trial.

We decline to address defendant's remaining assignments of error because they are not likely to recur at a new trial.

NEW TRIAL

Judges MARTIN and HUDSON concur.