STATE OF NORTH CAROLINA v. DANIEL DELANE COOK, Defendant

No. COA02-1582

(Filed 3 August 2004)

### 1. Embezzlement— sufficiency of evidence—age

Evidence that the restaurant from which defendant allegedly embezzled money did not hire anyone under 16 years of age was sufficient for the jury to infer that defendant was 16 on the date of the offense. The trial court correctly denied defendant's motion to dismiss for insufficient evidence and his request for a jury instruction on age.

### 2. Evidence— prior crimes or bad acts—introduced by State to attack credibility

The trial court erred in an embezzlement prosecution by allowing the State to introduce evidence of a prior incident of embezzlement for which a charge was dismissed under a deferred prosecution agreement where the sole purpose was to attack defendant's credibility. The distinctions between N.C.G.S. § 8C-1, Rule 404(b) and Rule 609 may not be blurred.

**3. Evidence— prior bad act erroneously admitted— prejudicial**

There was prejudice in the erroneous introduction of a prior embezzlement in an embezzlement prosecution because the evidence against defendant was not overwhelming and the result hinged on the jury's assessment of defendant's credibility.

Appeal by defendant from judgment entered 27 June 2002 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 September 2003.

*Attorney General Roy Cooper, by J. Douglas Hill, Assistant Attorney General, for the State.*

*Leslie C. Rawls for defendant-appellant.*

GEER, Judge.

Defendant Daniel Delane Cook appeals from his conviction for embezzlement. He argues on appeal (1) that the trial court erred in denying his motion to dismiss for insufficient evidence that he was at least 16 years old; and (2) that the trial court erred by admitting evidence of a prior incident of embezzlement by defendant. We hold that the trial court properly denied defendant's motion to dismiss, but that the admission of evidence of a prior incident of embezzlement was prejudicial error. Defendant is, therefore, entitled to a new trial.

<u>Facts</u>

The State's evidence tended to show the following. In the summer of 2001, defendant was employed at a Wendy's restaurant in Charlotte. On 10 June 2001, defendant reported that someone had robbed the restaurant at gunpoint while he was working at the drive-through window. Ten days later, defendant reported that the same person had again robbed the drive-through window while he was working there, this time cutting defendant's forearm with a knife when he reached through the window to hand the robber the money.

On the evening of 21 July 2001, defendant was operating the dining room cash register off and on from 6:00 p.m. until 10:00 p.m. At about 10:00 p.m., the manager of the Wendy's, Thomas Smith, asked defendant to stay a little later to close the restaurant. Smith locked the restaurant door and returned to his office. Approximately ten minutes later, when he came out of his office, Smith noticed that there was a line of people at the counter, but defendant was not at the

**STATE v. COOK**

[165 N.C. App. 630 (2004)]

register. The shift supervisor told Smith that he did not know where defendant was. Smith waited on the customers in line, then went to look for defendant. One of the employees informed him that defendant had "booked out the back door," but when Smith looked out the back door he did not see defendant. He checked the time clock and verified that defendant had not clocked out. Smith then checked the register and lock box and found that $578.00 was missing.

Smith called defendant's home and asked his mother to have him call the restaurant. Smith then called his general manager, who instructed him to call the police. A short time later, defendant called the general manager and reported that he had seen the perpetrator of the two recent robberies in the dining room of the restaurant, causing him to panic and flee the store.

Defendant testified on his own behalf. He suggested that other employees could have taken the money, pointing out that when he began working on the register, it was not changed out and that the manager had taken over his cash drawer at least once. According to defendant, the restaurant had cameras trained on the register and he believed they worked. Defendant testified that after the manager locked the restaurant's doors (although there were 10 to 20 people still inside), he recognized one of the people as being the man who had cut him on 20 June 2001. He grabbed his clothes, ran out the back door, and left with a co-worker. When he called his mother a short time later, she told him about Smith's call. Defendant first called the manager to report what had happened and then called the police. He waited by the pay phone for the police to pick him up.

Defendant was charged with three counts of embezzlement based on the 10 June, 20 June, and 21 July 2001 robberies of the Wendy's. The charges were consolidated for trial at the 25 June 2002 session of Mecklenburg County Superior Court. On 27 June 2002, defendant was convicted of embezzlement arising from the 21 July 2001 incident, but was acquitted of the two charges arising from the 10 June and 20 June 2001 incidents. The trial judge sentenced defendant to six to eight months imprisonment, suspended the active sentence, placed defendant on 48 months supervised probation, and ordered him to pay restitution.

I

[1] Defendant first contends that the trial court erred in denying his motion to dismiss for insufficient evidence, arguing only that the

State failed to present substantial evidence that defendant was 16 years old or older. In ruling on a motion to dismiss for insufficient evidence, a trial court must determine whether the State has presented substantial evidence of each element of the offense. *State v. Rupe*, 109 N.C. App. 601, 607, 428 S.E.2d 480, 485 (1993). Substantial evidence is such evidence that, when viewed in the light most favorable to the State, a reasonable mind would accept as sufficient to support a conclusion. *Id.* If the State has offered substantial evidence of each essential element of the crime charged, the defendant's motion must be denied. *Id.* at 608, 428 S.E.2d at 485.

The crime of embezzlement is set out in N.C. Gen. Stat. § 14-90 (2003) (emphasis added):

> If any . . . agent, consignee, clerk, bailee or servant, *except persons under the age of 16 years* . . . shall embezzle or fraudulently or knowingly and willfully misapply or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or fraudulently or knowingly and willfully misapply or convert to his own use any money, . . . belonging to any other person or corporation, unincorporated association or organization which shall have come into his possession or under his care, he shall be guilty of a felony.

Defendant claims that this statute makes age an essential element of the offense of embezzlement that must be proven by the State. The State, however, contends that age is an affirmative defense.

Nearly a century ago, our Supreme Court held that age is an affirmative defense rather than an element of the offense:

> While the indictment must charge that the defendant was not an apprentice, nor under the age of 16 years, yet it is not an act constituting a part of the transaction which the State is called on to prove. It is a status, peculiarly within the knowledge of the defendant (like non-marriage in indictments for fornication and adultery), which though charged in the bill, if denied, is a defense to be shown by defendant. When the status of defendant, as being under a given age or married, by the terms of the statute would withdraw the defendant from responsibility, while the indictment must negative such status, the status is a defense in the nature of a confession and avoidance which must be shown by the defendant. The State is not called upon to prove negative averments of this nature.

*State v. Blackley*, 138 N.C. 620, 622, 50 S.E. 310, 311 (1905) (internal citations omitted), *overruled on other grounds by State v. Batdorf*, 293 N.C. 486, 238 S.E.2d 497 (1977). Nevertheless, in more recent cases, this Court has included the age restriction when listing the elements of embezzlement that must be proven by the State. *See, e.g., State v. Britt*, 87 N.C. App. 152, 153, 360 S.E.2d 291, 292 (1987), *disc. review denied*, 321 N.C. 475, 364 S.E.2d 924 (1988); *State v. Melvin*, 86 N.C. App. 291, 298, 357 S.E.2d 379, 384 (1987); *State v. Pate*, 40 N.C. App. 580, 583, 253 S.E.2d 266, 269, *cert. denied*, 297 N.C. 616, 257 S.E.2d 222 (1979).

We need not, however, resolve this apparent conflict in the law because the State in fact presented uncontroverted evidence that defendant was at least 16 years old. John Donaldson, the general manager of the Wendy's restaurant at which defendant worked, was asked about age requirements for employees. He stated: "They have to be minimum 16 years old. We don't hire below 16 years of age." Since this testimony was sufficient to allow the jury to infer that defendant was over the age of 16 on the date of the offense, the trial court did not err in denying defendant's motion to dismiss. For the same reason, we hold that the trial court did not err in denying defendant's motion to set aside the jury verdict.

Defendant further argues that the trial court erred in denying his request for a jury instruction on age. A defendant is entitled to a requested jury instruction only when the instruction is "correct in itself and supported by evidence[.]" *State v. Harvell*, 334 N.C. 356, 364, 432 S.E.2d 125, 129 (1993). Here, the record contains no evidence suggesting defendant was under the age of 16, and, therefore, the trial court was not required to give the requested instruction.

II

**[2]** Defendant has also assigned as error the trial court's admission into evidence of a prior incident of embezzlement by defendant as violating N.C.R. Evid. 404(b). Rule 404(b) of the North Carolina Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Rule 404(b) is "a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Lloyd*, 354 N.C. 76, 88, 552 S.E.2d 596, 608 (2001) (internal quotation marks omitted; emphasis original).

The trial court below allowed the State to present evidence during its case in chief that defendant previously embezzled money in January 2000 while employed as a bagger/cashier at a Bi-Lo grocery store in Charlotte. The Bi-Lo Regional Loss Prevention Specialist, Scott Goodwin, testified that he spoke to defendant while investigating an incident regarding a bag containing $1,100.00 that was missing from the Eastway Drive Bi-Lo where defendant worked. Goodwin testified that defendant admitted both verbally and in writing to taking the money for his personal use. Defendant's handwritten statement was admitted into evidence and read aloud by Goodwin. The State also called the investigating police officer, Paul B. Conner, who authenticated and read defendant's statement to him regarding the Bi-Lo embezzlement.

According to the statements, defendant was bagging groceries at the Bi-Lo store. A cashier counted out the money in her register and separated it into two bags. She asked defendant to take both bags to the cash room. Defendant took one bag of money to the cash room, but put the other bag (containing $1,100.00) in a locker in the break room. He retrieved the bag when he finished work and took it home. Defendant was charged with embezzlement, but qualified for deferred prosecution. After he successfully completed the requirements of the deferred prosecution, the charges were dismissed.

During voir dire, the trial court found that the evidence "would go to the credibility of the Defendant's explanation for the missing money, would tend to negate his contention made to his employer that the money was missing due to two robberies, and also due to his having to run from the restaurant out of fear." The court further found that the evidence was "more probative than prejudicial," as required by N.C.R. Evid. 403. The court admitted the evidence "for the limited purpose of contradicting the Defendant's explanations given on the three occasions for which he is being tried" and gave the following limiting instruction to the jury:

Members of the jury, this evidence would be admitted for the limited purpose, and you may consider it for this limited purpose only.

That is, to the extent that you find that this evidence relates to the credibility of the explanations given by the Defendant to his employer on three occasions when money was found to be missing.

You may not consider this evidence for any other purpose other than this limited purpose. That is, the extent you find it bears on the credibility of the Defendant's explanation which he gave to his employer in these cases.

The State then argued in closing arguments:

Now, we went over some evidence relating to an incident that occurred at Bi-Lo, the Bi-Lo located on Eastway back in 2000. And the Judge will tell you that he's not charged with that case today. The mere fact that that incident occurred does not in and of itself mean that the Defendant committed the embezzlement at Wendy's on June 10th, June 20th, and July 21st. But you can look at what happened at Bi-Lo in 2000, and determine for yourself whether or not you want to believe the Defendant's story. . . . Now, like I said, we're not using that to try to say that he did this or that in and of itself proves he commited [sic] the acts at Wendy's, but you can consider that based on the fact that the Defendant did this at Bi-Los [sic] you can consider. . . . You can consider whether or not you want to believe the Defendant's story today.

While the State argues that the trial court admitted the disputed evidence for a purpose other than showing defendant's propensity to commit embezzlement, we disagree. The sole purpose for admission of the evidence at trial was to attack defendant's credibility. If we were to allow evidence of prior bad acts to be admissible under Rule 404(b) for purposes of challenging credibility, we would undermine the General Assembly's careful design regarding admission of character evidence.

Rule 608(b) (emphasis added) provides that "[s]pecific instances of the conduct of a witness, *for the purpose of attacking or supporting his credibility,* other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." Instead, if probative of truthfulness or untruthfulness, they may "be inquired

into on cross-examination of the witness[.]" *Id.* Rule 609(a) in turn permits admission of evidence of certain, specified convictions "[f]or the purpose of attacking the credibility of a witness," only "if elicited from the witness or established by public record during cross-examination or thereafter." Under Rule 609, the State may not offer evidence of the details underlying the convictions apart from the name of the crime, the time and place of the conviction, and the punishment imposed. *State v. Lynch*, 334 N.C. 402, 409, 432 S.E.2d 349, 352 (1993).

By allowing the State to introduce extrinsic evidence during its case in chief of the details of a prior embezzlement in which the charges have been dismissed pursuant to a deferred prosecution agreement, the trial court allowed the State to circumvent the strict limitations of Rules 608 and 609. Our Supreme Court has already held that the distinctions between Rule 404(b) and Rule 609 may not be blurred. *State v. Wilkerson*, 356 N.C. 418, 418, 571 S.E.2d 583, 583, *adopting per curiam*, 148 N.C. App. 310, 318, 559 S.E.2d 5, 10 (2002) (Wynn, J., dissenting). Since Rules 608 and 609 specifically address the admissibility of prior bad acts to challenge a witness' credibility, Rule 404(b) should not be construed in a manner inconsistent with those rules. As our Supreme Court has stated, in construing the Rules of Civil Procedure:

> "Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling[.]"

*Thigpen v. Ngo*, 355 N.C. 198, 203, 558 S.E.2d 162, 165-66 (2002) (quoting *Nat'l Food Stores v. N.C. Bd. of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966)).

Nor is a reading that would find impeachment to be a proper purpose for admission of evidence under Rule 404(b) consistent with our Supreme Court's past explanations of the rule. Although Rule 404(b) is a rule of inclusion, our Supreme Court has held that evidence of other offenses is admissible only "so long as it is relevant to any fact

or issue other than the character of the accused." *State v. Weaver*, 318 N.C. 400, 403, 348 S.E.2d 791, 793 (1986). Phrased differently, Rule 404(b) provides that proof of a person's character by evidence of prior bad acts "may properly be used as circumstantial proof of a controverted fact at trial (for instance, to prove motive, opportunity, intent, preparation, plan, knowledge, identity, etc.)." *State v. Morgan*, 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986). Credibility relates only to "the character of the accused" and challenges to credibility do not amount to "circumstantial proof of a controverted fact." *See* 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 97, at 299 & n.237 (6th ed. 2004) ("a person's character is only collaterally in issue, . . . *[i].e.*, where it is offered on the question of a witness's credibility").

Indeed, as offered here, in order for the jury to find that the prior embezzlement undercut the credibility of defendant's version of the facts, the jury would have to reason—as the State urged in closing argument—that if defendant embezzled money from a prior employer, then his claim that he did not embezzle money from Wendy's was unlikely to be true. This reasoning is precisely what Rule 404(b) prohibits. To allow otherwise inadmissible Rule 404(b) evidence to be admitted under the guise of challenging credibility would effectively erase the exclusionary portion of the rule.

The State has not pointed to any other basis for admission of the evidence apart from credibility. We therefore hold that the trial court erred in admitting the disputed evidence pursuant to Rule 404(b).

**[3]** Having concluded that the trial court erred in admitting the disputed evidence, we must determine whether the error was harmless. Defendant bears the burden of demonstrating that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial[.]" N.C. Gen. Stat. § 15A-1443(a) (2003). Here, we cannot say with certainty that the admission of the evidence of the prior embezzlement was harmless. The evidence against defendant, in the absence of the Bi-Lo incident, was not overwhelming and the result hinged on the jury's assessment of his credibility. It is significant to this analysis that the jury acquitted defendant of the two counts of embezzlement arising from the 10 June 2001 and 20 June 2001 incidents. *State v. McMillan*, 55 N.C. App. 25, 33, 284 S.E.2d 526, 531 (1981) (fact that jury acquitted defendant of one of the charges "takes on added significance" when determining whether error as to second charge was

harmless). We conclude that the error was not harmless, and, as a result, the admission of the disputed evidence constituted prejudicial error requiring a new trial.

New trial.

Chief Judge MARTIN and Judge BRYANT concur.