STATE OF NORTH CAROLINA v. JAMES LOVE RENFRO, JR., Defendant

No. COA04-1429

(Filed 15 November 2005)

**1. Evidence— prior crimes or bad acts—drugs—intent— knowledge**

The trial court did not err in a possession with intent to manufacture, sell, or deliver cocaine case by allowing officers to testify as to the facts and circumstances underlying defendant's two prior convictions for the same offense pursuant to N.C.G.S. § 8C-1, Rule 404(b) for the limited purpose of showing defendant's intent and knowledge. While the testimony of a deputy clerk regarding defendant's guilty pleas in the two prior cases was inadmissible under Rule 404(b), the error was rendered harmless when defendant testified and was properly cross-examined about the convictions under N.C.G.S. § 8C-1, Rule 609(a).

**2. Evidence— stipulation—chain of custody—testing procedures**

The trial court did not err in a possession with intent to manufacture, sell, or deliver cocaine case by allowing into evidence testimony from a city police officer relating to the chain of custody of the cocaine and testing procedures used by the State Bureau of Investigation laboratory, because: (1) defendant previously stipulated to the facts testified to by the officer; and (2) the stipulation is substituted for proof and dispenses with the need for evidence.

**3. Sentencing— prior record level—stipulation**

The trial court did not commit plain error in a possession with intent to manufacture, sell, or deliver cocaine case by sentencing defendant as a Class C Level IV offender, because the trial court did not use the worksheet which improperly calculated that defendant had fourteen record points to determine defendant's prior record level, but rather relied on defendant's stipulation that he was a Level IV felon with ten prior record points.

Judge ELMORE concurring in part and dissenting in part.

Appeal by defendant from a judgment dated 7 June 2004 by Judge Jack A. Thompson in Cumberland County Superior Court. Heard in the Court of Appeals 20 September 2005.

*Attorney General Roy Cooper, by James M. Stanley, Jr., for the State.*

*George E. Kelly, III for defendant.*

BRYANT, Judge.

James Love Renfro, Jr. (defendant), appeals a judgment dated 7 June 2004, entered consistent with a jury verdict finding him guilty of possession with the intent to manufacture, sell, or deliver cocaine.

*Facts*

On 8 April 2003, Officer Ryan Skewes of the Fayetteville Police Department was on patrol in what he considered to be a very high drug trafficking area. Around 1:00 in the morning, as he was sitting in his car, Officer Skewes observed a van pull up to a stop sign and sit there for several minutes. Officer Skewes did not observe any illegal activity, however, he did see "a black male in a blue jersey" "leaning into the driver's side window" of the van. Officer Skewes also noticed

STATE v. RENFRO

[174 N.C. App. 402 (2005)]

four or five other individuals in the street, whom he referred to as "lookouts." Officer Skewes drove up to the van to investigate the situation. The "lookouts" immediately started to move out of the street and in the direction of a mobile home when Officer Skewes drove up to the van and began to get out of his vehicle.

Officer Skewes testified he immediately recognized the man leaning into the van as defendant because he had spoken to him before. As Officer Skewes approached the van on foot, the van drove away and defendant started to walk away. Officer Skewes testified he told defendant to stop, however defendant continued to walk away. Officer Skewes admitted that at this point defendant had not broken any laws, was not being placed under arrest, and was not required to stop.

Officer Skewes started to walk after defendant and defendant began running whereupon Officer Skewes pursued him on foot. During the pursuit, Officer Skewes saw defendant throw a plastic bag in the vicinity of a truck as he ran past it. Another officer came to assist Officer Skewes and defendant was apprehended and placed under arrest. The officers then returned to the truck defendant had run past and found underneath it a plastic bag containing 16 rocks of individually wrapped and packaged crack cocaine. Defendant was charged with resisting arrest and possession of cocaine.

*Procedural History*

On 22 September 2003, defendant was indicted for possession with intent to manufacture, sell or deliver cocaine and misdemeanor resisting a public officer. A Special Indictment for Habitual Felon was also issued against defendant. The case came before a jury in the Cumberland County Criminal Superior Court on 3 June 2004, the Honorable Jack A. Thompson presiding. On 7 June 2004, defendant was found guilty of possession with intent to manufacture, sell or deliver cocaine and not guilty of resisting a public officer. Defendant subsequently entered a guilty plea to attaining the status of an habitual felon. Judgment was entered on 7 June 2004 and defendant gave notice of appeal in open court.

Defendant raises three issues on appeal: (I) whether the trial court erred in allowing defendant's prior convictions into evidence; (II) whether the trial court erred by allowing into evidence testimony relating to the chain of custody of evidence and testing procedures at the State Bureau of Investigation Laboratory; and (III) whether the

trial court committed plain error by sentencing defendant as a Class C, Level IV offender. For the following reasons, we overrule defendant's arguments.

*I*

**[1]** Defendant first argues the trial court erred in allowing his prior convictions into evidence pursuant to Rule 404(b) of the North Carolina Rules of Evidence. "It is well established in North Carolina that when the defendant in a criminal trial does not testify, evidence of other offenses is inadmissible if its only relevance is to show the character of the accused or his disposition to commit the offense charged." *State v. Armistead*, 54 N.C. App. 358, 359, 283 S.E.2d 162, 163 (1981) (citing *State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954)). However, Rule 404(b) of the North Carolina Rules of Evidence allows for the admission of evidence of prior acts to show a defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003).

Rule 404(b) is a rule of inclusion and defendant's prior acts should be excluded if their "only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). Nevertheless, the bare fact of a defendant's prior convictions is not admissible under Rule 404(b) absent some offer of evidence regarding the facts and circumstances underlying the prior convictions. *State v. Wilkerson*, 356 N.C. 418, 571 S.E.2d 583 (2002) (reversing this Court's decision and adopting Judge Wynn's dissent in *State v. Wilkerson*, 148 N.C. App. 310, 559 S.E.2d 5 (2002)); *State v. Hairston*, 156 N.C. App. 202, 576 S.E.2d 121 (2003).

At trial, the State presented evidence regarding two prior convictions of defendant on the charge of possession with intent to manufacture, sell or deliver cocaine. The State presented details concerning the facts and circumstances underlying defendant's prior convictions and their similarity to the current case through the arresting officers in each case. A deputy clerk was then called to testify regarding defendant's guilty pleas in both cases for the limited purpose of establishing that defendant admitted knowing the substance he had in the prior cases was cocaine and that he intended to sell it.

The trial court found the testimony regarding the facts and circumstances of defendant's prior offenses was admissible to show

defendant's intent and knowledge. Defendant asked for a limiting instruction and the trial court accordingly instructed the jury that:

> [t]his evidence was received solely for the purpose of showing that the defendant had the intent, which is a necessary element of the crime charged in this case, that the defendant had the knowledge, which is a necessary element of the crime charged in this case. If you believe this evidence, you may consider it but only for the limited purpose for which it was received.

These facts are similar to, but distinguishable from, those leading to the *Wilkerson* and *Hairston* opinions.

In *Wilkerson*, two officers testified to the facts and circumstances surrounding prior offenses committed by the defendant and a deputy clerk testified regarding the bare facts of the defendant's prior convictions arising out of those offenses. *Wilkerson*, 148 N.C. App. at 311, 559 S.E.2d at 6. However, the defendant did not testify before the jury. *Id.* In adopting Judge Wynn's dissent, the North Carolina Supreme Court established that, "in a criminal prosecution, the State may not introduce prior crimes evidence under Rule 404(b) by introducing the bare fact that the defendant was previously convicted of a crime . . . ." *Id.* at 327, 559 S.E.2d at 16. *Wilkerson* reiterated the distinction between other crimes evidence under Rule 404(b) and evidence for impeachment purposes under Rule 609. *Id.* at 319-23, 559 S.E.2d at 12-13. In *Wilkerson*, the other crimes evidence presented by the detectives, and introduced for the limited purpose of showing the defendant's knowledge and intent to sell cocaine, was admissible (assuming it met the 403 balancing test) whether or not the defendant testified. *Id.* at 323-24, 559 S.E.2d at 13-14. Allowing a deputy clerk to testify to the defendant's prior drug convictions where the defendant did not testify was reversible error. *Id.* at 328-29, 559 S.E.2d at 16-17. Such bare fact testimony is admissible only as impeachment evidence under Rule 609 when the defendant testifies at trial.

In *Hairston*, there was no testimony offered to establish the facts and circumstances underlying the defendant's convictions; the State merely called a deputy clerk to testify from court records concerning the defendant's prior convictions. *Hairston*, 156 N.C. App. at 203, 576 S.E.2d at 122. However, the defendant took the stand in his own defense, and was properly cross-examined regarding his prior convictions. *Id.* Following the reasoning of *Wilkerson*, this Court held the trial court erred in admitting testimony regarding the bare facts of the defendant's convictions for substantive purposes under Rule 404(b)

without introducing evidence of the underlying facts to show similarities between the prior convictions and present offense charged. *Id.* at 205, 576 S.E.2d at 123. The Court went on to note that the defendant testified and was subject to cross-examination regarding his prior convictions, but proceeded with a prejudicial error analysis. The Court determined that the evidence was conflicting (driver of car in which defendant was riding testified drugs belonged to him, not the defendant, and no one else knew drugs were in the car) and "not so overwhelming as to make the trial court's error in admitting prior convictions evidence non-prejudicial." *Id.* Notwithstanding that the defendant testified and was subject to impeachment, because it was error to receive the bare fact of conviction through the deputy clerk and allow the jury to consider it under 404(b), **and** because of conflicting evidence, the *Hairston* Court determined there was a reasonable probability a different result would have been reached absent the admission of the evidence. *Id.*

In the instant case, there was testimony from two officers regarding the facts and circumstances underlying defendant's prior convictions for possession with intent to manufacture, sell or deliver cocaine. Thereafter, a deputy clerk testified to defendant's actual convictions. This evidence was admitted by the trial court under Rule 404(b) solely for the limited purpose of showing defendant had the intent and knowledge necessary for the charge of possession with the intent to manufacture, sell, or deliver cocaine. Defendant later took the stand in his own defense and was cross-examined on each of the convictions initially introduced by the State. Defendant's testimony concerning his prior convictions did not conflict with that of the arresting officers or the deputy clerk.

The evidence pertaining to the underlying facts and circumstances of defendant's prior convictions for possession with intent to manufacture, sell and deliver cocaine were properly admitted under Rule 404(b) and the trial court properly gave a limiting instruction to the jury. While the testimony of the deputy clerk was inadmissible under Rule 404(b), the error was rendered harmless when defendant testified and was properly cross-examined about the convictions pursuant to Rule 609(a). *See, State v. Miller*, 26 N.C. App. 190, 192, 215 S.E.2d 181, 182 (1975). This assignment of error is overruled.

*II*

**[2]** Defendant next argues the trial court committed error by allowing into evidence testimony of Officer Ryan Skewes relating to the

chain of custody of the cocaine and testing procedures used by the State Bureau of Investigation. On cross-examination Officer Skewes testified he had no specific knowledge of the chain of custody relating to the transporting of the evidence once it left his hands, he had no specific knowledge or training regarding SBI testing of controlled substances and related procedures, and that his original testimony was based on speculation and assumptions about what occurred in the SBI lab. Defendant's argument, however, is without merit as defendant had previously stipulated to the facts testified to by Officer Skewes.

The prosecution and defendant entered into an agreement concerning chain of custody and that the material recovered by Officer Skewes was determined to be crack cocaine by SBI laboratory personnel. This agreement was entered into evidence at trial and read aloud to the jury as follows:

> The state and the defendant stipulate that the following shall be admissible and uncontested evidence to the trial.

> Officer R. Skewes of the Fayetteville Police Department arrested the defendant on April 8, 2003 and seized as evidence State's Exhibit Number 2. Officer R. Skewes requested that State's Exhibit Number 2 be sent to the North Carolina State Bureau of Investigation laboratory for analysis for controlled substances. Special Agent Michael J. Brazil of the North Carolina State Bureau of Investigation examined the contents of State's Exhibit Number 2. Special Agent Brazil is a licensed forensic chemist trained as an expert in the field of forensic chemistry.

> Special Agent Brazil's analysis shows that State's Exhibit 2 contains the schedule two controlled substance cocaine in its base form known as crack cocaine and that these contents, excluding the packaging material, weighed 2.7 grams. Special Agent Brazil put the results of his analysis into a written laboratory report which report shall be admitted into evidence as State's Exhibit Number 3. And . . . the defendant does not contest chain of custody of State's Exhibit Number 2.

Our Supreme Court has held that "[n]o proof of stipulated facts is required. The stipulation is substituted for proof and dispenses with the need for evidence." *State v. Mitchell*, 283 N.C. 462, 469, 196 S.E.2d 736, 740 (1973). Furthermore,

[a] stipulation of fact is an adequate substitute for proof in both criminal and civil cases. Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence. It is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent of the necessity of producing evidence to establish the admitted fact.

*State v. McWilliams*, 277 N.C. 680, 686, 178 S.E.2d 476, 480 (1971) (internal citations and quotation marks omitted). In light of the stipulation at trial, defendant conceded the existence of the facts which are the subject of Officer Skewes' testimony. This assignment of error is overruled.

### III

[3] Defendant lastly argues the trial court committed plain error by sentencing defendant as a Class C, Level IV offender. Defendant claims he was sentenced pursuant to the improper calculation of his prior record level on a worksheet submitted by the State to the trial court which improperly calculated that defendant had fourteen prior record points. However, it is clear from the record the trial court did not use the worksheet to determine defendant's prior record level, but rather relied on defendant's stipulation.

Defendant's counsel stipulated as follows:

THE COURT: Do you also consent that the defendant has prior record points of, for habitual status, ten which is record level four?

[DEFENDANT'S COUNSEL]: I would stipulate to that, Your Honor.

The trial court's Judgment states that the court "has determined pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be 10." Immediately following the trial court's finding, there is an "X" in the block next to Prior Record Level IV. The trial court's Judgment and sentence are based upon defense counsel's stipulation in open court and not on the Prior Record Level Worksheet.

Section 15A-1340.14 of the North Carolina General Statute provides "[t]he State bears the burden of proving, by the preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (2003). A defendant's prior convictions may be proven by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

*Id. See also, State v. Riley*, 159 N.C. App. 546, 555-56, 583 S.E.2d 379, 386 (2003); *and State v. Alexander*, 359 N.C. 824, 827, 616 S.E.2d 914, 918 (2005) (where "defense counsel's statement to the trial court constituted a stipulation of defendant's prior record level pursuant to N.C.G.S. § 15A-1340.14(f)(1) . . . defendant's sentence was imposed based upon a proper finding of defendant's prior record level."). Thus, based on counsel's clear stipulation that defendant was a Level IV felon with ten prior record points, defendant's prior record level was sufficiently proven. This assignment of error is overruled.

No error.

Chief Judge MARTIN concurs.

Judge ELMORE concurs in part, dissents in part.

ELMORE, Judge concurring in part, dissenting in part.

As to sections II and III of the majority's opinion, I fully concur. However, because section I stretches Rule 609 beyond its plain language and blurs the distinction between Rule 404(b) and Rule 609, I must dissent from it.

Defendant was indicted for possessing cocaine with an intent to sell, manufacture, or deliver. Defendant stipulated that the substance found by Officer Skewes was indeed cocaine, but contested any evidence of possession. Defendant intended to prove his innocence of the crime charged by testifying that he did not throw anything down while running from Officer Skewes. The State, in proving defendant's intent, sought to introduce evidence from two of his previous crimes under Rule 404(b). After a discussion outside the presence of the jury, the trial court ruled that the State's proffer of two prior crimes involving cocaine was admissible under Rule 404(b) to prove knowledge and intent.

Thus, during trial, the State called Officer Gary Womble of the Fayetteville Police Department. Officer Womble testified that he had previously pulled over a car driven by a person who he knew to have a revoked license. Defendant was one of the occupants of the car, and when he was being taken out a small baggy fell from his waistband. Defendant responded by trying to kick it under the car. Upon retrieval, Officer Womble testified that due to its distinctive packaging he considered it to be cocaine that was ready to sell. Officer Womble then compared a picture of the packaged cocaine that fell from defendant's waistband to the packaged cocaine in the current case, determining that the packaging and appearance was very similar.

Next, the State called Lieutenant Chuck Parker with the Cumberland County Sheriff's Office. Lieutenant Parker testified that he had previously arrested defendant after witnessing defendant begin to run upon his arrival, and throw a small bag into a vent under a house. After the bag was retrieved it was identified as packaged small amounts of cocaine. The State also asked Lieutenant Parker to make a comparison between the package thrown down previously and the package retrieved in this case. He too said the packages were very similar.

Then, the State called Tamara Wojtal with the Cumberland County Superior Court Clerk's Office to testify. She testified that defendant had pled guilty to possession with intent to sell cocaine in the incidents involving Officer Womble and Lieutenant Parker. The State used her to review the contents of defendant's files on the two prior incidents, including the arrest warrants, indictments, and plea transcripts. Ms. Wojtal did not testify to the underlying circumstances of defendant's convictions but just that defendant was twice convicted of possession of cocaine with intent to sell based upon guilty pleas. After all three witnesses had testified in the State's case-in-chief the trial court provided only the limiting instruction discussed in the majority opinion: one that addresses Rule 404(b), not Rule 609. *See, e.g.,* N.C.P.I.—Crim. 104.15 (1984) (dealing with Rule 404(b)); N.C.P.I.—Crim. 105.40 (1986) (dealing with convictions under Rule 609).

With these facts before it, the majority holds that the "inherently prejudicial" error created by allowing the deputy clerk to testify as she did was nonetheless rendered essentially harmless solely because defendant took the stand in his own defense. I cannot agree. The distinctions between Rules 404(b) and 609 are fundamental to the State's

ability to place relevant evidence before the trier of fact and a defendant's decision to testify on his own behalf.

Rule 404(b) states that although evidence of other crimes is *not* admissible "to prove the character of a person in order to show that he acted in conformity therewith[,] [i]t may, however, be admissible · for other purposes, such as . . . intent . . . [or] knowledge . . . ." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). Although this subsection is one of "inclusion," *see State v. Lloyd*, 354 N.C. 76, 88, 552 S.E.2d 596, 608 (2001), that tilt toward inclusion is limited to the underlying evidence or circumstances of a prior crime, and does not include evidence of the conviction itself.

> A comparison of the plain language of Rule 609 and Rule 404 indicates that *prior convictions* are admissible under Rule 609, while *evidence of other crimes* is admissible under Rule 404(b). Furthermore, it is clear that Rule 609 does not permit the introduction of the evidence underlying the prior convictions; I believe that, similarly, Rule 404(b) generally does not permit the introduction of prior convictions.

*State v. Wilkerson*, 148 N.C. App. 310, 320-21, 559 S.E.2d 5, 12 (Wynn, J., dissenting), *rev'd per curiam*, 356 N.C. 418, 571 S.E.2d 583 (2002) (adopting the reasoning of Judge Wynn's dissent). Introduction of the conviction is controlled by Rule 609, which states:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony, or of a Class A1, Class 1, or Class 2 misdemeanor, shall be admitted if elicited *from the witness* or established *by public record during cross-examination or thereafter.*

N.C. Gen. Stat. § 8C-1, Rule 609(a) (2003) (emphasis .added). Importantly, impeaching a defendant's credibility or character is not one of the permissible uses of a prior crime under Rule 404(b). *See State v. Cook*, 165 N.C. App. 630, 637, 599 S.E.2d 67, 72 (2004); *Wilkerson*, 148 N.C. App. at 319, 559 S.E.2d at 11. To the contrary, by its plain language Rule 609 controls impeachment and limits the timing and manner in which prior *convictions* can be admitted: "during cross-examination or thereafter," not *before* the witness testifies.

If a defendant does not testify, any record of his convictions is rarely admissible, since the sole purpose of that record is to allow the jury to assess his character for truthfulness. *See Wilkerson*, 148 N.C.

App. at 319, 559 S.E.2d at 11; N.C. Gen. Stat. § 8C-1, Rule 609 (2003) (official commentary). When a defendant has not testified, his character for truthfulness is irrelevant. Thus the choice for a defendant is always testify and be cross-examined on his prior convictions that will undercut the credibility of what he took the stand to prove, or remain silent, allowing the State to use the similar nature of his previous crimes against him, but not the convictions themselves. Yet, the majority's opinion renders this fundamental choice negligible by allowing the State to introduce prior convictions ostensibly under Rule 609, as well as underlying evidence of those convictions under Rule 404(b), and then allow the defendant to render its error harmless or garner himself a new trial under *Wilkerson*. I cannot condone using Rules 404(b) and 609 to force a defendant to take the stand and attempt to rehabilitate himself before the jury, rendering the State's error harmless, or remain silent and risk a conviction hoping that our Court will be unable to distinguish *Wilkerson*. *See, e.g., State v. McCoy*, 174 N.C. App. 105, —— S.E.2d ——, —— (2005) ("Because we are unable to distinguish this case [in which a conviction was admitted under 404(b)] from *Wilkerson*, we conclude that the trial court committed prejudicial error entitling defendant to a new trial.").

Contrary to the majority's interpretation, *State v. Hairston*, 156 N.C. App. 202, 576 S.E.2d 121 (2003), does not support this reasoning. Although mentioning Rule 609 in its analysis of the issue presented, *Hairston* noted that the Rule allows for impeaching "a defendant's credibility as a witness if the evidence of the convictions is 'elicited from the witness or established by public record *during cross-examination or thereafter*.' " *Id.* at 204, 576 S.E.2d at 123 (quoting N.C. Gen. Stat. § 8C-1, Rule 609 (2003)). Implicitly, by the emphasis placed on the text of the rule, the *Hairston* court recognized that Rule 609 was inapplicable to convictions being introduced by a deputy clerk during the State's case-in-chief. Yet, here, the majority applies it. Further, other than the fact that the defendant in *Hairston* testified, the Court there does not explain why it is applying a "different" prejudicial analysis to the error than that of the Supreme Court in *Wilkerson*. *See Hairston*, 156 N.C. App. at 205, 576 S.E.2d at 123 ("However, unlike *Wilkerson*, defendant here testified and was cross-examined about his prior convictions. Thus, we must determine whether the error was sufficiently prejudicial to defendant so as to require a new trial under N.C. Gen. Stat. § 15A-1447(a) (2001)."); *Wilkerson*, 148 N.C. App. at 328, 559 S.E.2d at 16 (admitting the bare fact of conviction is "inherently prejudicial such that any

probative value of the conviction is substantially outweighed by the danger of unfair prejudice.").

Defendant taking the stand here does not change the trial court's erroneous and "inherently prejudicial" conclusion that the deputy clerk's testimony was admissible. Nothing about the discussion below concerning the deputy clerk's testimony suggested that she was being called "for the purpose of attacking the credibility" of defendant, and nothing about the trial court's limiting instruction suggested that the jury should limit using the clerk's testimony to a credibility assessment. Further, nothing about allowing the State to preemptively impeach defendant with his convictions in its case-in-chief, (or do so by having the deputy clerk testify instead of just facing a denial of the conviction with an introduction of a certified copy of the record), is congruent with Rule 609.

As Judge Wynn noted in *Wilkerson*:

By permitting the State to introduce the bare fact of a defendant's prior conviction, we permit the jury to surmise that the defendant, having once formed the necessary intent or developed the requisite *mens rea*, undoubtedly did so again; after all, another jury has already conclusively branded the defendant a criminal. Such leaps of logic, which inescapably treat the prior conviction as propensity evidence, are prohibited by Rule 404(b); the defendant is impeached without ever taking the stand, and is ineluctably labeled a criminal by the present jury. Thus, introducing the bare fact of a prior conviction under Rule 404(b) fails to satisfy the Rule 403 balancing test, as the only fair interpretation of the purpose behind the State's introduction of such evidence is impermissible: that the evidence is being offered to show the defendant's predisposition to commit the crime charged.

*Wilkerson*, 148 N.C. App. at 328, 559 S.E.2d at 16. Even though defendant took the stand here, the impression on the jury, and thus the prejudice to defendant, are exactly the same. The State even argued as such in its closing statement.

Look at the type of crime, ladies and gentlemen. Possession with intent to sell or deliver cocaine, that's what he was convicted of in these two cases, what he stands trial for in these two cases. Look at the location in these first two cases. Again, just a couple hundred yards away from each other, just one street corner to the next, the dates, April 8, 2003; November 5, 1997; August 21, 2000.

He went to jail for that same charge and he is back out on the streets doing the same things.

I cannot agree with the majority that defendant received a fair trial free of prejudicial error just because he took the stand and rendered otherwise "inherently prejudicial" error harmless. Instead, I would remand defendant's case for a new trial on the charge of possession with intent to sell or deliver cocaine.