STATE OF NORTH CAROLINA
v.
AARON LAMONT LITTLE, Defendant.
No. COA07-62
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General John W. Mann, for the State.
Duncan B. McCormick, for defendant.
ELMORE, Judge.
Defendant appeals from a judgment sentencing him to an active term of imprisonment for a minimum of 130 months and a maximum of 165 months upon his convictions by a jury of sale of cocaine, possession with intent to sell or deliver cocaine, and habitual felon status. The transcript of the sentencing hearing shows that defendant's counsel stipulated that defendant had nine prior record level points. Based upon this stipulation, the trial court found that defendant had nine prior record level points, thereby causing the prior record level to be level IV. The trial court then imposed a sentence within the appropriate presumptive range.
The record on appeal contains a prior record level worksheet prepared by the prosecutor. The worksheet lists ten prior convictions, including a conviction on 11 July 1986 of felonious breaking or entering and larceny. No file number is listed for this conviction. The worksheet also lists another conviction of felonious breaking or entering. This conviction is denoted by a file number of 86CRS2330 and a conviction date of 15 October 1987. Subsequent to the filing of the record on appeal, this Court allowed defendant's motion to amend the record on appeal to add an addendum containing, inter alia, the judgment in file number 86CRS2330. This judgment reflects a conviction date of 11 July 1986, not 15 October 1987 as written on the prior record level worksheet.
In his brief, defendant contends that the trial court erred by finding that he had nine record level points. He argues that court records show that he was not convicted of the Class H felonies of felonious breaking or entering and larceny on 15 October 1987, but instead was convicted on 11 July 1986, the date denoted for another conviction of the Class H felony of felonious breaking and entering listed on the worksheet. He further contends that the trial court violated N.C. Gen. Stat. § 15A-1340.14(d) by assigning prior record level points for two convictions during the same session of court, 11 July 1986. Finally, he argues that his trial counsel's erroneous stipulation to nine prior record level points violated his constitutional right to effective assistance of counsel. Defendant has also filed a motion for appropriate relief in this Court in which he makes the same claims.
Because they are interrelated, we consider defendant's first two contentions jointly. "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (2005). Proof of a defendant's prior convictions may be accomplished by
(1) stipulation of the parties[;] (2) an original or copy of the court record of the prior conviction[;] (3) a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts[; or] (4) any other method found by the court to be reliable.
Id. We review the record to determine whether the trial court's sentencing determination is supported by evidence received at the trial and sentencing hearing. State v. Jeffery, 167 N.C. App. 575, 578, 605 S.E.2d 672, 674 (2004). An appellate court "can judicially know only what appears in the record which was before the Superior Court." Penland v. Bird Coal Co., 246 N.C. 26, 34, 97 S.E.2d 432, 438 (1957).
When the record is reviewed with these principles in mind, it shows that defendant's trial counsel stipulated that defendant had nine prior record level points. This stipulation by counsel constituted sufficient proof to support the trial court's finding of nine prior record level points. See State v. Renfro, 174 N.C. App. 402, 410, 621 S.E.2d 221, 226 (2005), aff'd, 360 N.C. 395, 627 S.E.2d 463 (2006). Moreover, the evidence before the superior court at the time of sentencing did not show multiple convictions of felonious breaking or entering on 11 July 1986. At best, the prior record level worksheet showed that convictions for felonious breaking and entering occurred on separate dates, on 15 October 1987 and 11 July 1986. These assignments of error are overruled.
We next turn to defendant's claim that he was denied effective assistance of counsel by his trial counsel's allegedly incorrect stipulation to the prior record level points. "[Ineffective assistance of counsel] claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e. [sic], claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524-25 (2001). If the reviewing court determines that further factual development is necessary in order to decide the claim, it is required to dismiss the claim without prejudice to the defendant's right to reassert the claim by a motion for appropriate relief. Id. at 167, 557 S.E.2d at 525. Similarly, when "a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, [or] whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings . . . ." N.C. Gen. Stat. § 15A-1418(b) (2005). Although authorized by statute to initially determine a motion for appropriate relief, we are required to remand the motion to the trial court for the taking of evidence and a determination of the motion if further factual development appears necessary. State v. Thornton, 158 N.C. App. 645, 654, 582 S.E.2d 308, 313 (2003).
We conclude that the materials before us are insufficient to enable us to determine the claim either on direct appeal or by the motion for appropriate relief. Although defendant has provided this Court with the judgment in case number 86CRS2330, he has not provided us with all of the judgments imposed on all of his criminal convictions. The transcript of the sentencing hearing suggests that there may have been a conviction of misdemeanor larceny that was not included in the calculation of prior record level points because it was not provided to defendant during discovery. Finally, we believe that it is only fair that trial counsel should be given the opportunity to explain why he made the stipulation. For these reasons, we remand the motion for appropriate relief to the trial court for determination.
No error; motion for appropriate relief remanded.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).