An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1172
NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA


v.                                    Gaston County
                                      No. 11CRS007117, 12CRS003437
TARAS M. McGIRTH
     Defendant.


Appeal by Defendant from judgments entered 16 May 2013 by Judge James W. Morgan in Gaston County Superior Court. Heard in the Court of Appeals on 24 April 2014.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Matthew L. Boyatt, for the State.*
>
> *Bryan Gates, for Defendant-appellant.*


DILLON, Judge.


Taras M. McGirth ("Defendant") appeals from convictions for felony death by vehicle and involuntary manslaughter, arguing that the trial court erred in denying his motion for a mistrial based on comments made by a potential juror during the jury selection. For the following reasons, we find no error in Defendant's trial.

Defendant was indicted for one count of felony death by vehicle and one count of second-degree murder. He was tried on these charges at the 13 May 2013 Criminal Session of Gaston County Superior Court. The State's evidence tended to show that on the night of 10 November 2010, Defendant took prescription Ambien medication, and the next morning, on 11 November 2010, Defendant's vehicle was observed in Gaston County, swerving from one side of a public highway to another, driving approximately 45 to 50 miles per hour, hitting mailboxes, running other motorists off the road, and crossing over the center line into oncoming traffic numerous times. At some point, Defendant's vehicle crashed head-on into a vehicle driven by Andrew Hovis. Mr. Hovis died a short time later from "massive blunt force trauma . . . to his head, his chest, and his abdomen[,]" resulting from the collision. Following the collision, Defendant tested positive for prescription Ambien medication. Expert testimony was presented that Defendant was "severely" impaired from Ambien that morning and the manner in which he was described as driving was consistent with the effects of a person impaired by ingestion of Ambien.

Defendant testified that he took Ambien medication the night before the accident to help him sleep but had no

recollection of the accident. He admitted to taking prescription Ambien since 2005. He also testified that two weeks prior to this incident he was standing in his driveway and then woke up in his neighbor's house, not remembering how he got there or what he had being doing for an hour.

On 16 May 2013, a jury found Defendant guilty of felony death by vehicle, and the trial court sentenced Defendant to an active term of 25 to 39 months of imprisonment.[1] Defendant gave timely written notice of appeal from the trial court's judgments.

_____

In his only argument on appeal, Defendant contends that the trial court should have granted a mistrial following the comments from a potential juror during jury selection that her son was one of the persons following Defendant, Defendant nearly ran the juror's son off the road, and Defendant had killed the victim. We disagree.

"It is well settled that the decision of whether to grant a mistrial rests in the sound discretion of the trial judge and will not be disturbed on appeal absent a showing of an abuse of

---

[1] Defendant was also found guilty of involuntary manslaughter but the trial court arrested judgment and dismissed this conviction following Defendant's election to serve an active sentence for the felony death by vehicle conviction.

discretion." *State v. Barts*, 316 N.C. 666, 682, 343 S.E.2d 828, 839 (1986), *overruled on other grounds by State v. Jackson*, 340 N.C. 301, 457 S.E.2d 862 (1995). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citation omitted). "The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2010).

Our Supreme Court has held that "[w]hen a jury is instructed to disregard improperly admitted testimony, the presumption is that it will disregard the testimony." *State v. McCraw*, 300 N.C. 610, 620, 268 S.E.2d 173, 179 (1980). "It is well established in this jurisdiction that if the court properly withdraws incompetent evidence from jury consideration, and instructs the jury not to consider it, this cures error in its admission in all but exceptional circumstances." *State v. Miller*, 26 N.C. App. 190, 192, 215 S.E.2d 181, 182 (1975).

Here, during jury selection a potential juror made the comment that "*her son was one of the people following the [Defendant's] vehicle*" and Defendant "*almost ran him off the road, and killed the deceased.*"[2] Defense counsel objected; the trial court gave a curative instruction; and jury selection continued. When Court broke for recess at lunch, defense counsel raised a motion for mistrial, arguing that Defendant was prejudiced by these comments because they were made in front of the whole pool of potential jurors. Defendant's motion was denied. During the charge conference, defense counsel renewed his motion for mistrial, which was also denied.

The juror's statement in this case does not amount to "substantial and irreparable prejudice" because Defendant did not challenge the State's allegations that he hit the victim and that the victim died; the potential juror's son was allowed to testify regarding his observations and actions on the day in

---

[2] We note that none of the jury selection was recorded, transcribed, or included in the record on appeal. This portion of what the potential juror said was reconstructed by defense counsel during his argument for mistrial which was transcribed and is part of the record. N.C. Gen. Stat. § 15A-1241(c)(2010) states that it is "the judge [that] must reconstruct for the record, as accurately as possible, the matter to which objection was made." However, the record suggests that the State, in responding to defense counsel's argument, conceded that the statement as represented by defense counsel was made; and, consequently, we choose to examine the merits of Defendant's appeal.

question as a witness for the State with no objection from Defendant; and defense counsel was also permitted to cross-examine this witness regarding his testimony.

Further, after the potential juror made the comment, the trial court instructed the jury to disregard her statement and that "her comments are not evidence, [and] are not [to] be considered as evidence." The trial court further asked the potential jurors and audience members if the statement "had any [effect] . . . whatsoever on their ability to fairly consider the evidence or follow the instructions of the [c]ourt" to which no one replied that it did.

Accordingly, because Defendant was not substantially and irreparably prejudiced by the juror's statement, the trial court did not abuse its discretion in denying Defendant's motion for a mistrial. We find no error in Defendant's trial.

NO ERROR.

Judge STROUD and Judge HUNTER, JR. concur.

Report Per Rule 30(e).